GEO. W. LAMB v. WM. H. SLOAN.

*Burning Woods—Issues—Intent.*

1. In an action for damages under the statute for wilfully firing the defendant's woods, by which the plaintiff's woods were burnt, (The Code, §52 and §53), the setting fire to the woods without notice, is the ground of the action, and by a waiver of the notice, the plaintiff will lose his cause of action under the statute.

2. If, in such case, the firing of the woods was necessary, as for instance, for the protection of the defendant's property, no cause of action for damages arises under the statute.

3. The waiver of notice in such case, does not affect the cause of action for the penalty prescribed in the statute, nor is it any defence in an indictment for the misdemeanor.

4. In actions for damages under the statute, the defendant cannot show that he used reasonable care in firing his woods, and reasonable diligence to prevent the fire from damaging adjoining woodlands. If he fails to give the statutory notice, and damage ensues, the cause of action is complete.

5. It is no defence to an action for damages under the statute, for the defendant to show that the plaintiff has already recovered the penalty imposed by the statute, and that in addition thereto, that he had been indicted for the misdemeanor.

6. Where the defendant in such case, admits that he set fire to his woods without giving the statutory notice, nothing else appearing, the law presumes that he did it wilfully.

7. Where it appears from the record that the issues were not eliminated in writing and submitted to the jury, but simply, "that the jury found all issues in favor of the plaintiff," a new trial will not be granted, unless objection was taken at the trial.

(*Roberson* v. *Kirby*, 7 Jones, 477 ; *Tyson* v. *Roseberry*, 1 Hawks, 60 ; *Wright* v. *Yarborough*, Term Rep., 763 (687) ; *Smithwick* v. *Ward*, 7 Jones, 64 ; *Bowen* v. *Whitaker*, 92 N. C., 367, cited and approved).

CIVIL ACTION, tried before *Gudger, Judge*, and a jury, at Spring Term, 1885, of the Superior Court of BLADEN county.

The Code §52 and §53, provides that, "No person shall set fire to any woods, except it be his own property, nor in that case, without first giving notice, in writing, to all persons owning lands adjoining to the wood lands intended to be fired, at least two days before

the time of firing such woods, and also taking effectual care to extinguish such fire, before it shall reach any vacant or patented lands, near to or adjoining the lands so fired."

"Every person wilfully offending against the preceding section, shall for every such offence, forfeit and pay, to any person who will sue for the same, fifty dollars, and be liable to any one injured, in an action, and shall moreover be guilty of a misdemeanor."

It is alleged in the complaint, that the defendant, at a time specified, was the owner of a tract of land, adjoining the land of the plaintiff—that the former wilfully set fire to the woods on his own land mentioned, without first giving the plaintiff two days notice of his purpose in that respect—that the fire extended to, and spread over a large area of the plaintiff's land mentioned, burning his woods and destroying many valuable pine trees, boxed and the boxes filled, and the faces of the trees covered with raw turpentine; a large quantity of valuable lightwood, and a tar kiln, to his great damage, &c.

The following is the material part of the case settled upon appeal for this Court:

"Defendant admitted that on the 10th February, 1880, he set fire to his own woods, adjoining the lands of the plaintiff, and that he had not given the plaintiff two days notice in writing of the intended burning of his said woods.   He further testified that he gave directions to one of his agents, (his clerk), to employ hands to look after the fire, so as to prevent its spreading.   On cross-examination, defendant offered to prove by the plaintiff, who became a witness in his own behalf, and by the records of this Court, that the plaintiff has sued for and recovered the penalty prescribed by the statute, and also that Sloan was indicted for the misdemeanor prescribed in the statute, and that the plaintiff in this case, was in said indictment, the prosecuting witness.   This was overruled, and defendant excepted.   The Court charged the jury, "that the statute requires effectual care to be taken to extinguish the fire, set by one to his own woods, so that the party must extinguish it at all events, otherwise his care is

ineffectual, and he must pay the penalty.  His best exertions to extinguish the fire will not do, and if the jury should be satisfied from the evidence, that the fire which burned the plaintiff's land, was communicated from the fire set out by defendant in his own woods, the plaintiff would be entitled to recover such actual damages as he had sustained.  That the defendant must show, by a preponderance of evidence, that the means employed by him to secure or extinguish the fire, were effectual, that is, that the fire was extinguished or secured against spreading." The defendant excepted.  Verdict for plaintiff.  Judgment in favor of plaintiff, and defendant appealed."

Mr. W. R. Allen, for the plaintiff.
Mr. H. R. Kornegay, for the defendant.

MERRIMON, J. (after stating the facts).  The plaintiff does not seek by this action, to recover damages from the defendant on the ground that the latter so negligently and carelessly set fire to, and burned the woods on his own land, as that the fire communicated with and burned the woods on the adjoining land of the former.  It is not his purpose to obtain redress for the breach of a common law right.  The action is founded upon the statute (The Code, §§52, 53), set forth above.

This statute is remedial as well as penal and criminal.  Its purpose is, to prevent any person from setting fire to any woods not his own; and not to his own, without first giving at least two days' notice of his purpose to the owners of adjoining woodlands, so that they may be prepared to encounter and resist successfully, possible danger to their woods and property from such fire. And if such notice shall not be given, the statute in that case, gives the party injured specially, a right of action, whereby he may recover such actual damage as he shall sustain from the fire, at all events, and without regard to whether or not the defendant was negligent or careless in setting the fire to his own woods and controlling the same.  The wilful firing of the woods, without

notice, in the case provided for, is made the ground of this action, in favor of the party injured, and therefore it is, that he may waive the notice, and thus lose this right of action, as was decided in *Roberson* v. *Kirby*, 7 Jones, 477.

Hence also, if the firing were of necessity, as if it were necessary for the protection of the property of the person setting fire to his own woods, such cause of action would not arise, because the firing would not be done wilfully in the sense of the statute. *Tyson* v. *Roseberry*, 1 Hawks, 60.

Such waiver of notice could not however, affect the penalty incurred, or the misdemeanor committed, by a wilful violation of the statute.

These are intended to effectuate the public purpose of the statute, and no one has a right to waive notice as to them. *Wright* v. *Yarborough*, Term R. 763 (687), *Roberson* v. *Kirby*, *supra*.

It was not sufficient that the defendant "gave directions to one of his agents, (his clerk), to employ hands to look after the fire, so as to prevent its spreading." Having set fire to his woods, without first having given the plaintiff at least two days' notice thereof, he made himself liable for such damages as the latter sustained by the spread of the fire to and upon his adjoining woodland. Reasonable diligence on the part of the defendant in his efforts to keep the fire under control, would not relieve him from this cause of action ; he made himself responsible at all events for the harm his fire did the plaintiff.

The very purpose of the statute was to give the plaintiff a right of action, in which the defendant could not defend himself successfully, by showing reasonable care and diligence on his part, in respect to the fire, as he might do, if the plaintiff had sued for a breach of his common law right. Otherwise, the statutory right of action would be nugatory. At common law, the plaintiff could maintain an action for such injury, if the defendant could not show that he exercised reasonable care and diligence in setting fire to his woods, and in controlling the fire after it was set.

The statute intended to give an additional right of action and remedy.

Accordingly it was clearly not competent for the defendant to prove that the plaintiff had sued him for, and recovered the penalty, and that he had been indicted for the misdemeanor, the plaintiff being the prosecutor, under the statute. As we have said, these were intended to effectuate its public purpose. The plaintiff could only recover in this action actual damages.

There are some cases in which the plaintiff may recover vindictive damages, and the defendant may show in mitigation of such damages, that he has been convicted and punished for the offence out of which the plaintiff's cause of action arose, but obviously, this is not such a case. *Smithwick* v. *Ward,* 7 Jones 64. No question was raised as to the *wilful* purpose of the defendant. This seems to have been conceded. Indeed, as he admitted that he set fire to his woods, adjoining the lands of the plaintiff, and gave no notice in that respect, nothing else appearing, the law implied the intent.

In looking through the record, we find that the issues of fact raised by the pleadings, were not reduced to writing and set forth in the record, and the verdict of the jury is, that they "find all issues in favor of the plaintiff." This is, as we have repeatedly said, bad practice, that the Courts ought not to tolerate in any case. If the defendant had objected at the trial, on this account, it is clear that he would have been entitled to a new trial. *Bowen* v. *Whitaker,* 92 N. C., 367.

No error.                                     Affirmed.