### KIMBALL *v.* GOLDMAN.

### Opinion delivered March 22, 1915.

1. CARRIERS—DAMAGE TO BAGGAGE—SUFFICIENCY OF EVIDENCE.—Evidence held sufficient to show that the damage to plaintiff's trunk and contents, occurred while the same was in the custody of defendant carrier.

2. DAMAGES—PERSONAL BAGGAGE—MEASURE OF DAMAGES.—Where plaintiff's baggage is damaged while in the custody of a carrier, the value of the personal baggage is to be determined by what it is worth to its owner, and not what it would bring on the market.

Appeal from Desha Circuit Court; *Antonio B. Grace,* Judge; affirmed.

#### STATEMENT BY THE COURT.

The facts of this case are correctly and succinctly stated by counsel for appellee, as follows:

The appellant owns a ferry and hack line operating between Arkansas City, Arkansas, and Lamont, Mississippi, which constitutes a necesary link in the chain of transportation from Pine Bluff, Arkansas, to Greenville, Mississippi. Passengers and baggage are taken upon a gasoline ferry-boat at Arkansas City, and, after being landed on the Mississippi side of the river, are carried by hack to Lamont, which is a station on the Yazoo & Mis-

sissippi Valley Railroad, a short distance from Greenville.

On May 13, 1913, the appellee in the course of a trip from Pine Bluff to Greenville, took passage upon appellant's ferry-boat. She had with her a trunk constituting her baggage and containing her wearing apparel for the trip. This trunk was transported by appellant across the Mississippi River on the ferry-boat with the appellee and the other members of her party. The trunk was packed in Pine Bluff the previous day, when its contents were in first-class condition. As the trunk was carried across the river on the same boat with appellee, it came under her observation and the observation of others who were with her, and no damage had occurred up to the time it reached the Mississippi shore.

There was a stretch of back-water between the point where the ferry-boat landed on the Mississippi side of the river and the top of the levee. It was necessary for the passengers to walk across a sand-bar and then cross this back-water in a rowboat operated by appellant's employees. The undertaking of those in charge of the ferry-boat was to land the passengers and baggage on top of the levee, and the rowboat was used by the same people who operated the ferry-boat to complete the trip after the ferry-boat had gone as far as it could on account of the sand bar.

Appellee left the trunk at the top of the levee and went from there to Greenville, Mississippi, by automobile. On arriving at Greenville, she found that the contents of the trunk had been damaged by water. She brought suit against appellant, alleging that the damage was caused through the negligence of appellant in permitting the trunk to get into the narrow strip of water above described. She listed the contents of the trunk and the value of each article, and alleged that the articles were water-soaked and of no value.

The appellant denied the allegations of negligence and denied that the contents of the trunk were damaged while the relation of carrier and passenger existed be-

tween them, and set up that. this relation ceased when the trunk was delivered on the Mississippi shore, and that it was delivered at the top of the levee where appellant undertook to deliver it in good condition.

The appellee, in addition to the facts already stated, testified: "The trunk must have gotten wet while being carried across the slough while in the boat because there was no water between the top of the levee and Lamont, for it had not rained. The trunk was in my sight, and I know that the contents when we landed just across the river from Arkansas City, were in the same condition as when they were placed in the trunk at Pine Bluff." Appellee was asked to, state the contents of the trunk with the reasonable market value of each article. Appellant did not object to the question nor the answer. The appellee answered the question by enumerating the articles and giving the same value as that stated in the complaint.

Another witness testified in part as follows: That the trunk was on the front end of the boat where he rode going across the river; that he saw it as it was taken from the boat to the bank of the river; upon arrival on the Mississippi shore several of his party and other persons that were on the boat went ahead of the trunk; that he remained behind; that the trunk, after being landed once, was put into a small rowboat, where it was transferred across the slough to the levee; that it was then taken up the levee by the same men who operated the launch, with the assistance of a negro who was standing on the levee, when he arrived; having seen the trunk landed safely on the top of the levee, he started to walk to meet the car that was waiting for his party; the last he saw of the trunk it was on top of the levee; at this point his party were met by the car and rode into Greenville. He did not see the trunk drop into the water at any time. When the trunk was landed on the levee he saw nothing unusual with it, but did not examine it very closely at that point; was not expecting at that time anything unusual.

The court, over the objection of appellant, gave among others the following instruction:

"In determining the value of the goods destroyed, you should not consider their salable market value as second-hand clothing, but base your estimate on their original cost, the character of the materials, the extent to which they had been used and would probably be suitable for future use by the plaintiff, and all other circumstances which the proof, in your opinion, shows existed at the time of the injury which would affect their value for use by the plaintiff. It is the value of the goods to the plaintiff for her own use at the time they were injured and not their market value which the plaintiff is entitled to recover, if you find from the evidence that defendant is liable."

Appellant duly excepted. The court refused to allow appellant to show what the market value of the contents of the trunk was in their damaged condition, to which appellant excepted. Appellant asked for a peremptory instruction in its favor, which the court refused, and appellant duly saved its exceptions.

The verdict and judgment were in appellee's favor for five hundred and forty-one and 08/100 dollars.

Appellant duly prosecutes this appeal.

*F. M. Rogers,* for appellant.

In cases of injury to or destruction of personal baggage, the rule is that the value thereof is to be determined by what it is worth to the owner, and not by what it would bring on the market; but the owner may waive this rule and sue for the market value, and that is what the appellee did in this case. The evidence adduced by her was directed to proving the *market value.* Therefore, the court erred in refusing appellant's request to charge the jury that if they found for the plaintiff they should find the market value of the goods at the time and place of the injury as shown by the proof.

*J. Bernhardt* and *Coleman & Gantt,* for appellee.

The court's instruction on the measure of damages was correct. 6 Cyc. 677; 162 S. W. 73, and authorities cited.

Testimony as to the second-hand value of the goods was incompetent and properly excluded. 156 S. W. 1119.

The question of waiving the right to sue for the value of the goods to the owner does not enter into the case. There was no occasion to exercise such an election, and neither the complaint nor appellee's testimony justifies such a conclusion.

WOOD, J., (after stating the facts). (1) Appellant contends here that there was no evidence to sustain the verdict because there was no affirmative evidence on the part of appellee, showing that the trunk had dropped into the water while in charge of the employees of appellant, and that the circumstances were not sufficient to show that the damage was done by appellant's employees. But the circumstances detailed by the witnesses were sufficient to warrant the finding of the jury that appellant's employees caused the damage. The testimony warranted the jury in finding that there was no water into which the trunk could have dropped so as to cause the damage as discovered at Greenville, between the top of the levee where the trunk was landed by appellant and Greenville, its destination.

The testimony shows that there was water in the slough, and the manner of handling the trunk over the slough in the rowboat, with the condition the trunk was shown to be in before and after this transfer, made the conclusion inevitable that the damage was produced while it was being transported over the slough. The finding of the jury was therefore not speculative, as appellant insists, but was based upon substantial evidence.

The most reasonable conclusion from the evidence adduced, in fact the only conclusion, was that the trunk was allowed to become water-soaked while in the possession of the employees of appellant. See *Georgia S. & F. Ry. Co.* v. *DuBose,* 71 S. E. 945.

(2) The ruling of the court on the measure of damages was correct. The doctrine on this subject is accurately stated in 6 Cyc. 677, as follows:

"The value of personal baggage is to be determined by what it is worth to its owner and not what it would bring on the market." See cases cited in note.

The appellee was not estopped by the allegations of her complaint from showing what the apparel was worth to her after the damage occurred, and the evidence was sufficient to sustain the verdict.

The judgment is correct, and it is therefore affirmed.