HOLIMON *v.* RICE.

4-7555                                185 S. W. 2d 927

Opinion delivered March 12, 1945.

280

*C. T. Sims,* for appellant.

*Ovid T. Switzer* and *Thos. Compere,* for appellee.

HOLT, J. This is a suit in ejectment, and involves a strip of land approximately 100 ft. x 210 ft. in North Crossett, Arkansas. Appellant, Mrs. Lillie D. Holimon, alleged in her complaint that she was the owner and entitled to immediate possession of the land in question; that she acquired title by deed from her father, J. W. Doss, July 1, 1936; that her father obtained title by deed from M. A. Carter January 16, 1923; and that Carter acquired title by deed from J. R. Johnson May 10, 1917. She further alleged that appellee, Rice, over her protests, erected a store building, a garage, and a dwelling house on this land, which buildings have a rental value of $50 per month, and that he has had wrongful possession of the property for more than three years prior to the filing of her complaint, and that she has been damaged in the amount of $1,800. She further alleged that appellee, "Rice, claims title to said land from a common source

with her, to-wit, J. R. Johnson.'' Her prayer was that the court make an order directing the county surveyor to determine the boundary line between her property and that of appellee, that she be awarded possession of the strip of land in question with all improvements thereon, title to same be quieted in her, and for damages.

Appellee's (Rice) answer was a general denial and affirmatively alleged as defenses that he is the owner of the land in question; that said improvements have been constructed on his land, which lies west of the true and established boundary line between his property and that of appellant, that he bought the land from J. R. ''Rube'' Johnson's son, August 23, 1930, that he and appellant ''purchased with reference to said division line and improved and occupied up to said line,'' and that he ''has to this date continuously resided upon said land with his family, and made large and valuable improvements continuously on his land, in plain view of the plaintiff and her predecessor in title, J. W. Doss, without objection until September 2, 1942, when plaintiff, without cause, instituted suit for the land of defendant which she never owned''; that appellant is estopped from claiming the land in controversy; that he (Rice) has openly, notoriously, adversely and peaceably held adverse possession of said land for seven years and more.

Upon a jury trial, there was a verdict for appellee, Rice, and from the judgment comes this appeal. At the trial, it developed that Stell, a defendant below, was a tenant of appellee, had no interest in the litigation, and he passed out of the case. For reversal, appellant questions the sufficiency of the evidence, the admission of certain testimony, certain instructions and the form of the jury's verdict.

This being a suit in ejectment, under our oft repeated rule, before appellant (plaintiff below) would be entitled to prevail, she must do so on the strength of her own title and not on the weakness of appellee's title.

The court, on the burden of proof, properly instructed the jury that: ''The burden of proof to estab-

lish the allegations of the complaint rests upon the plaintiff, Mrs. Holimon, and it must be established by a preponderance of the evidence before she would be entitled to recover. The burden of proving adverse possession and estoppel rests upon the defendant and must be established by a preponderance of the evidence as to those two defenses; provided, the plaintiff has proven by a preponderance of the evidence that the buildings or a part thereof are located upon her lands.''

The record presented is voluminous, comprising some 250 pages. Many witnesses testified for both parties. Twenty-four instructions were given to the jury by the court, twelve on its own motion, seven at appellee's request, and five at the request of appellant.

When considering the sufficiency of the evidence to support the jury's verdict, we must weigh it in the light most favorable to appellee, and if we find it to be substantial, it becomes our duty to affirm.

Stated most favorably to appellee, the testimony shows that appellee purchased the land in question on August 23, 1930, from the son of J. R. ''Rube'' Johnson, and appellee's title is deraigned from the same source as that of appellant. At the time of appellee's purchase from Johnson, Johnson pointed out to him the boundary line between his land and appellant's, which is the same boundary line that appellee says is now the established boundary line as contended by him in this suit.

Some time about 1933, L. L. Morris and Joe Rawls, surveyors, assisted by Frank Green, the county surveyor, surveyed and established the corner and boundary line as being the same as appellee now contends. Morris has made subsequent surveys always establishing the same boundary line. Morris testified that all of appellee's land was on the west side of this division line and all of Mrs. Holimon's land was on the east side of the line. T. W. Johnson testified that appellee had no improvements on the east side of this boundary line. C. W. Woods corroborated Johnson. Arden Hollis testified: ''I bought the land that Shack Rice now owns from Rube Johnson in

1927. The lines were already established and Rube Johnson carried me down there and showed me the lines and the corners. Shack Rice does not have any improvements on Mrs. Holimon's side of the line. C. W. Woods and Baskin were with me when Rube Johnson showed me the line.''

Appellee built a house on the land in 1930 and a cowpen in 1932 within fifteen feet of the east line. He also erected a garage, a store and service station and made other valuable improvements on the land. During the time these improvements were being made by appellee, appellant stood by without protest and attempted to exercise no act of ownership of the land in question. Appellee has openly and adversely occupied the land in controversy from the date of its purchase by him in 1930 for a period of seven years and more.

In June, 1936, J. W. Doss, appellant's father, sold three acres of land on the east side of this boundary line adjoining appellee's land to appellant. Appellant recorded this deed March 31, 1938. There was evidence that Mrs. Holimon and appellee purchased their land with reference to the division line and corner as claimed by appellee, and each improved and occupied up to this line and Rice has continuously resided upon the land on the west side of the division line with his family and made valuable improvements without a protest or objection from appellant until the time the present suit was filed.

There was evidence on the part of appellant that tended to contradict appellee's testimony. However, the jury has settled all fact issues in favor of appellee. We do not attempt to detail all the testimony. It suffices to say that we think, when all the testimony is considered, the jury could well have found for appellee on any one, or all, of the three defenses, *supra,* interposed by appellee. The principles of law announced in *Lacey* v. *Humphres,* 196 Ark. 72, 116 S. W. 2d 345, apply here.

The court instructed the jury that if they should find from a preponderance of all the testimony that the improvements placed upon the land in controversy by Rice

were located upon land belonging to Mrs. Holimon, and lying east of the established division line and were placed thereon after he had been advised by appellant that the land belonged to her, then they should find for appellant, but that if they should find that the improvements placed upon the land involved lie west of said division line, then their verdict should be for appellee.

On the issue of estoppel, the court instructed: "6. If you find from a preponderance of all of the evidence in the case that the lands upon which said improvements are now located lie east of the above described line and formerly belonged to the plaintiff but that she knowingly stood by, observed and watched the defendant, Rice, make said improvements thereon without making protest or advising the defendant that said lands belonged to her, then you are told that she is estopped from claiming any interest, title or right thereto and your verdict will be for the defendants."

On the issue of adverse possession, the court instructed: "11. If you find from a preponderance of all of the evidence in the case that the defendant has for a period of seven consecutive years last past openly, notoriously, hostilely, adversely and peaceably occupied, possessed and claimed the lands upon which said improvements are located, although the same lie east of the above described line on land which formerly belonged to the plaintiff, the defendant has obtained title thereto under adverse possession and you will find for the defendants, Rice and Stell."

These instructions were on the court's own motion and together with the other instructions given, we think, fairly, clearly and correctly applied the law to the facts presented. Appellant makes a general objection to a number of instructions and a specific objection to some. It could serve no useful purpose to extend this opinion by setting out these various instructions about which appellant complains. We have read and carefully considered all of them and find none inherently wrong, and therefore not subject to question by a general objection.

As to appellant's specific objections, it suffices to say that we think they are without merit.

Appellant assigns as error, the court's action in permitting the following question to be propounded to surveyor, Morris, by appellee: "Q. You say a number of those people there that own land near this corner, between Tom Johnson and Mrs. Holimon, have located their homes with reference to this iron stob you say you, yourself, have used since 1930. A. Yes, sir." We think appellant's contention untenable for the reason that the record reflects that, in effect, similar testimony was elicited from other witnesses without objection on the part of appellant. If it could be said, therefore, that the evidence should not have been admitted, it was harmless error. In *Payne* v. *Thurston,* 148 Ark. 456, 230 S. W. 561, this court held (headnote 5): "The erroneous admission of evidence was harmless where other evidence to the same effect was admitted without objection."

Appellant next questions the action of the trial court in permitting Rice to testify, over her objection, about certain facts contained in a signed report of certain appraisers who had been properly appointed to appraise damages to the property of appellee that was taken for highway purposes. Appellant's objection was: "They say that is a written record and filed and it is the best evidence and I am going to object to this testimony. They are not getting the best evidence." On this point, the record reflects that appellant elicited much testimony herself from Rice concerning this report, and it further appears that appellant's own counsel elicited from Louis Bellott, one of the appraisers, the following testimony relative to the report in question: "A. We appraised the property, the damage done to him to the best of our knowledge. . . . The work that he had done on his place there moving his buildings a little further back off of the right-of-way. . . . I don't know just how much land was involved. . . . I don't think the highway took up but very little, if any. He was just a little too close on the right-of-way, the building was. . . . Didn't pay him anything for the land. We paid him for

the damages done to him in moving his building back. . . . The best we could guess at it, $250. . . . He didn't sell any of his land to the Highway Department at all. . . . No, we didn't buy any of it (as appraisers)." We think it obvious, therefore, that appellant has waived all objections interposed by her to this testimony. See *Payne* v. *Thurston, supra.*

Appellant next argues that the court erred in refusing her request to allow the jury to view the property in question. Section 1518 of Pope's Digest provides: "Whenever, in the opinion of the court, it is proper for the jury to have a view of real property which is the subject of litigation, or of the place in which any material fact occurred, it may order them to be conducted in a body, under the charge of an officer, to the place, which shall be shown to them by some person appointed by the court for that purpose. . . ." We think it clear that, under this section of the statute, it was within the sound discretion of the court to determine whether the jury should view the property and unless an abuse of that discretion be shown, it would not be error, as here, to refuse appellant's request. No abuse of discretion has been shown and no error resulted. See *Missouri Pacific Railroad Company* v. *Hendrix,* 169 Ark. 825, 277 S. W. 337.

Finally, appellant alleges as error the form of the jury's verdict, which was: "We, the jury, find for the defendants." On this point, appellant says: "The jury did not comply with the instructions of the court and did not locate any property line either for the defendant, M. E. Rice, or for the plaintiff, Mrs. Lillie D. Holimon, and that the verdict of the jury really decides nothing so far as an ejectment suit is concerned, as no property boundary whatever was found to exist between the parties litigant." We think this contention untenable for the reason that when the pleadings and all the evidence are taken. into account, the verdict in favor of appellee is sufficient to identify the land in question as belonging to appellee. By its verdict in favor of appellee (defendant below) the jury, we think, definitely fixed the boundary line as being the one claimed by him and established by his surveyors

and other witnesses. In *Russell* v. *Webb*, 96 Ark. 190, 131 S. W. 456, this court said: "And if the issue presented by the pleadings has been substantially decided by the jury, and their meaning can be satisfactorily collected from their verdict, then it is the duty of the court to mould it into proper form by its judgment. In the case of *Woodruff* v. *Webb*, 32 Ark. 612, this court, quoting from approved authority in speaking of the liberal construction that should be given to the verdict of the jury, said: 'Strict form in a verdict is not required. . . . It needs only to be understood what the intent of the jury was, agreeably to which the verdict may afterwards be moulded into form. . . . If the point in issue can be concluded out of the finding, the court shall work the verdict into form and make it serve according to the justice of the case.' "

Finding no error, the judgment is affirmed.