SWEARENGEN v. JOHNS.

4-7906                                    194 S. W. 2d 445

Opinion delivered May 20, 1946.

*Rains & Rains,* for appellant.

*Creekmore & Robinson* and *Batchelor & Batchelor,* for appellee.

MINOR W. MILLWEE, Justice.    Appellant, W. C. Swearengen, as plaintiff in the circuit court, brought this action under the provisions of § 1298 of Pope's Digest to recover damages from the defendant and appellee, Willie Johns.   The complaint contains the following allegation:

"That on the 23rd day of February, 1945, the defendant herein set fire to the grass on his farm, located in section 12, township 12 north of range 32 west, without giving any notice to this plaintiff whose farm joins that of the defendant; and that the said fire spread over the plaintiff's farm, burning 25 acres of lespedeza pasture, and 15 acres of other land, all located in the northeast quarter of section 12, township 12 north of range 32 west."

Plaintiff further alleged damages to his pasture lands in the sum of $350 by reason of the fire for which he prayed judgment.   The complaint was filed on March 20, 1945, and on July 9, 1945, defendant filed an answer which contained a general denial of damage to plaintiff resulting from the fire and further alleged notice to plaintiff of defendant's intention to burn his lands, and the absence of negligence on defendant's part.

On November 19, 1945, defendant, with the permission of the court, withdrew his answer and filed a general demurrer alleging that the complaint did not state facts sufficient to constitute a cause of action.  This demurrer was sustained on the ground that the complaint failed to allege negligence on the part of the defendant. Upon plaintiff's failure to plead further, the court dismissed the complaint.   Plaintiff prosecutes this appeal from the action of the court in sustaining the demurrer to the complaint.

Section 1298 of Pope's Digest reads as follows: "If any person shall set on fire any grass or other combustible material within his inclosures, so as to damage any other person, such person shall make satisfaction in single damages to the party injured, to be recovered by civil action in any court having jurisdiction of the

amount sued for; but if any such person shall, before setting out fire, notify those persons whose farms are adjoining said place which he proposes to burn that he is going to fire such grass or other combustible matter, and shall use all due caution to prevent such fire from getting out, to the injury of any other person, he shall not be liable to pay damages as provided in this section."

Under the early English decisions, every man was absolutely bound to keep fire, intentionally originated by him, within the limits of his own land, and was liable for any injury done by its escape, regardless of his negligence. But the general rule in this country, as well as in England, now is that, an owner of land, who sets out fire on his own premises for a lawful purpose, is not, in the absence of a statute to the contrary, liable for the damage caused by the spread of the fire to the property of another, unless he was negligent in starting or negligent in controlling the fire. The burden of alleging and proving negligence on the part of defendant under the present common-law rule is on the plaintiff. *Valley Lumber Co.* v. *Westmoreland Bros.*, 159 Ark. 484, 252 S. W. 609, 45 A. L. R. 870. This was also the rule recognized in this state prior to the passage of the statute under consideration. *Bizzell* v. *Booker, et al.*, 16 Ark. 308. The statute (§ 1298, Pope's Digest) was enacted in 1875, but this is the first time this court has been called upon to construe its provisions.

In 36 C. J. S., p. 815, the textwriter sets out the general rule, which is based upon cases involving similar statutes, as follows: "Since, in actions for damages under statutes which require notice to be given to adjoining landowners, neighbors, or other persons of the setting of the fire, a failure to comply with the statutory requirement and damage done are the basis of the action, it is no defense that defendant used reasonable care to prevent the spread of the fire after it was set. It is, however, a good defense that the burning was done from necessity, or that plaintiff had waived or had received the required notice, and it is immaterial so far as plain-

tiff is concerned that such notice was not given to others.''

One of the leading cases cited in support of this statement is that of *Lamb* v. *Sloan*, 94 N. C. 534. That case involved the construction of a statute which provided: ''No person shall set fire to any woods, except it be his own property, nor in that case, without first giving notice, in writing, to all persons owning lands adjoining to the wood lands intended to be fired, at least two days before the time of firing such woods, and also taking effectual care to extinguish such fire, before it shall reach any vacant or patented lands, near to or adjoining the lands so fired.'' The plaintiff in that case alleged the intentional setting of the fire by defendant without first giving the statutory notice. It was admitted by the defendant at the trial that such notice was not given, but it was contended that due diligence was, nevertheless, a defense to the action. The court said: ''Having set fire to his woods, without first having given the plaintiff at least two days' notice thereof, he made himself liable for such damages as the latter sustained by the spread of the fire to and upon his adjoining woodland. Reasonable diligence on the part of the defendant in his efforts to keep the fire under control, would not relieve him from this cause of action; he made himself responsible at all events for the harm his fire did the plaintiff.

''The very purpose of the statute was to give the plaintiff a right of action, in which the defendant could not defend himself successfully, by showing reasonable care and diligence on his part, in respect to the fire, as he might do, if the plaintiff had sued for a breach of his common-law right. Otherwise, the statutory right of action would be nugatory. . . . The statute intended to give an additional right of action and remedy.''

As we construe our statute, it was the apparent intention of the Legislature to re-establish the early common-law rule of absolute liability in the case of an intentional firing of farm lands except where the re-

quired notice is given and all due caution is exercised to prevent the fire from spreading to the injury of another. It will be noted that the statute does not make the use of due caution in the *setting* of the fire a defense. Due caution in preventing the fire from spreading to adjoining lands is a defense only when it concurs with the giving of the notice. The statute requires both the giving of the notice *and* the use of due caution in preventing the fire from spreading. If the notice is not given, and the giving of the notice is not waived, the use of due caution in preventing the fire from spreading becomes unavailing as a defense to the action. Since the defendant would be liable under the statute, even though he exercised due caution in preventing the fire from spreading, where notice is not given, it was unnecessary for the plaintiff to allege negligence of the defendant in allowing the fire to spread. We think this construction of the statute is in conformity with the general rule stated in 22 Am. Jur., Fires, § 77, as follows: ''Where one is authorized to set a fire only under exceptional circumstances or conditions, the burden ordinarily rests upon him, in an action for injury sustained as the result of such fire, to show the existence of the circumstances or conditions relied upon as a justification for his action.''

Counsel for defendant earnestly insist that this construction of the statute would prevent a person from burning paper or other rubbish from his home within his inclosures, without first giving the statutory notice, and regardless of the degree of care and caution used. While it is sufficient to say that these questions are not involved in the instant case, we think it is clear that the statute may be invoked only in the case of intentional, as distinguished from accidental, or negligent, firing of lands within one's inclosures.

It follows that the judgment of the trial court sustaining the demurrer to the complaint will be reversed and the cause remanded with directions to overrule said demurrer, and for such further proceedings as are not inconsistent with this opinion. It is so ordered.

The Chief Justice did not participate in the consideration or determination of this case.