LAMB *v.* HIBBARD.

5-1387                                                      306 S. W. 2d 859

Opinion delivered November 18, 1957.

*Virgil D. Willis,* for appellant.

*Garvin Fitton* and *Arnold M. Adams,* for appellee.

GEORGE ROSE SMITH, J.   On October 6, 1956, the appellee, while driving on a highway north of Harrison, had a blowout on one of the tires of his car.   Upon stopping, Hibbard found that the damaged tire had caught fire.   In spite of Hibbard's efforts to put out the blaze the flames spread to the gasoline tank, which exploded and threw burning gasoline upon the appellants' land next to the highway.   Fanned by a strong wind the fire burned across a pasture, killed some trees, and destroyed a barn containing furniture and farm equipment. The appellants, relying upon Ark. Stats. 1947, § 41-510, brought this action for double the amount of their loss.   The trial court, sitting without a jury, found no negligence on Hibbard's part and entered judgment in his favor.

There is substantial evidence to support the view that Hibbard had no reason to think the tire unsafe, that the fire was of accidental origin, and that the spread of the flames was not due to Hibbard's negligence. The appellants contend, however, that the statute in question imposes absolute liability without regard to the presence or absence of negligence.

We do not interpret the statute. The section cited, if considered apart from its context, is doubtless open to the broad construction urged by the appellants, for it reads: "Persons, firms or corporations starting or being responsible for fires that occasion damage to any other person shall make satisfaction in double damage to the party injured. Damages are to be recovered by civil action." It is our duty, however, to read this section along with the other provisions that accompanied it in the original act. Furthermore, we have held that this section, being penal, is to be strictly construed. *Mo. Pac. R. Co.* v. *Lester,* 219 Ark. 413, 242 S. W. 2d 714, 27 A. L. R. 2d 1182.

Section 41-510 was enacted as § 4 of Act 85 of 1935. Ark. Stats., §§ 41-507 to 41-514. The act as a whole deals mainly with criminal offenses rather than with civil liability. Section 1 enumerates seven specific acts, each involving a fire hazard, that are declared to be misdemeanors. In three of these instances the conduct is made criminal only if certain precautions are not taken, which of course tends to rebut the suggestion of liability without fault. Section 2 lists three incendiary acts that are made felonies. Section 5 provides that a conviction under specified parts of the statute shall be *prima facie* evidence of responsibility in a civil action brought under § 4, upon which the appellants now rely,

Taking the statute as a whole we find no reason to think that the legislature meant to create a new basis for liability without fault or to permit the recovery of double damages for conduct falling outside the scope of the criminal provisions of the act. To the contrary, it seems clear that § 4 is merely ancillary to the criminal sanctions and is intended to provide a civil penalty as

well. Since Hibbard's actions did not violate the criminal provisions of Act 85 they do not expose him to a civil liability that was not recognized at common law.

Affirmed.