WRIGHT *v.* ROCHNER.

5-2265                          342 S. W. 2d 483

Opinion delivered January 30, 1961.

[Rehearing denied February 27, 1961]

*J. M. Henderson, Jr., Moncrief & Moncrief,* for appellant.

*George O. Green* and *Wilbur Botts,* for appellee.

*George E. Pike,* for cross-appellant.

SAM ROBINSON, Associate Justice. This appeal arises out of a jury verdict in favor of the appellee, Julius Rochner, against appellants, Aljah W. and Nina Wright, and cross-appellant, O. G. Rollison, in the sum of $3,722, and a similar verdict in favor of Rollison against the Wrights in the same amount.

Appellee Rochner filed his complaint against Aljah W. Wright and Rollison, alleging an agreement he had to farm certain land belonging to Wright during the year 1958; that under this agreement he was to pay as rent

one-fourth of the soy beans and one-fifth of the rice; that 4,029 bushels of soy beans were grown and stored in Rollison's elevator; that Rollison later bought the beans for $7,937.90; that under the rental agreement Rochner was entitled to $5,827.06 (three-fourths of the gross amount less $126.37 for cleaning), but that Rollison paid the entire amount to Wright. Judgment was prayed for in the amount of $5,827.06.

Rollison answered, denying any knowledge of a dispute between Rochner and Wright and admitted that he did purchase the beans but that Wright and his wife, Nina, had represented to him that they were the true owners of the beans. He further alleged that Nina Wright received part of the proceeds and converted same to her own use; that he had cause to believe Rochner had knowledge of the sale, made no objection thereto and was estopped to attack the transaction. Nina Wright was joined as a defendant and Rollison prayed that if any judgment be rendered against him, he in turn have judgment against the Wrights for a like amount.

Aljah W. Wright filed a separate answer, in which his wife later joined, admitting the sale of the beans and the 1958 rental agreement with Rochner. He alleged, however, that Rochner had failed to perform his farming contract for the year 1957 in not paying certain expenses he had agreed to assume, and that Rochner had in fact agreed to the sale by Wright to Rollison.

The record reflects that Rochner farmed the land belonging to Wright during 1957. Appellants presented evidence that the proceeds of that year's operation failed to repay all the money borrowed by Rochner for making the crop and that there was not enough to pay rent on the land. As a result a new agreement was made for the year 1958 whereby Wright and Rochner were to share the crop equally. Appellants then attempted to show that in order to receive the proper rent for 1958, including an alleged carry over from 1957, Wright was entitled to all the proceeds from the sale of the beans and that Rochner had in fact so agreed.

On the other hand, Rochner offered proof to the effect that Wright owed him a small balance from the 1957 crop; that there was no new agreement for 1958; in that the original 1957 agreement was intended to run two years; and that he was justly entitled to the amount sued for.

As to these conflicting contentions, the record is replete with evidence of various loans, advances, repayments, etc., over the two year period. It would be impossible to reconcile all these figures, and such is not our duty. The only issue in this regard is whether there is substantial evidence to support the jury's verdict. The weight of the evidence and credibility of the witnesses are solely within the province of the jury. We cannot say after a close examination of the record there was not substantial evidence to support the award.

In entering the judgment the court below allowed the amount of the jury verdict and in addition thereto awarded interest from December 8, 1958, the date on which the last of the soy beans were sold by Wright to Rollison. Appellants question the right of the court to award interest from that date and argue that interest should run only from the date of judgment. The record is silent as to whether the jury in its verdict included interest as a part of the award and there was no instruction ordering them to do so. In the absence of a showing that interest was included in the jury verdict, we cannot say the court's addition of interest was error. As we said above, there was substantial evidence on which the jury could base the verdict returned. *Norton* v. *Hickingbottom,* 212 Ark. 581, 206 S. W. 2d 777. One who has had the use of another's money may justly be required to pay interest from the time it lawfully should have been paid. *White & Black Rivers Bridge Co.* v. *Vaughan,* 183 Ark. 450, 36 S. W. 2d 672.

Appellants also urge that it was error for the court to give plaintiff's instruction No. 2 in that it excluded consideration by the jury of certain evidence offered by appellants for the purpose of showing loans and advances

to Rochner. The court did, however, give defendants' instruction No. 1, which informed the jury of appellants' defense, and ordered them to consider any and all adjustments which they deemed proper. In viewing the questioned instruction in the light of defendants' instruction No. 1, we cannot say the court erred. It is not necessary that law applicable to all questions in the case be stated in each instruction. It is sufficient if all instructions, when considered as a whole, state the law correctly. *Roland* v. *Terryland, Inc.,* 221 Ark. 837, 256 S. W. 2d 315.

Cross-appellant Rollison contends that there was no evidence upon which the jury could return a verdict against him and argues that in the event the judgment should be reversed as to the Wrights, without a reversal as to him, he would be left with a judgment against him without any testimony to support it. Since the judgment against the Wrights is being affirmed, and they have filed a supersedeas bond herein, it is not necessary to consider this possibility.

Affirmed.