CECIL *v.* STATE.

5021                                                    350 S. W. 2d 614

Opinion delivered November 6, 1961.

*Donald Poe,* for appellant.

*Frank Holt,* Attorney General, by *Sam H. Boyce,* Asst. Attorney General, for appellee.

SAM ROBINSON, Associate Justice. Appellant, Belton Cecil, appeals from a conviction of a misdemeanor, for which he was fined $99. He was charged in an information filed by the prosecuting attorney with the offense of "allowing a fire to escape." It is further alleged in the information that he allowed the fire to escape from his control after having built said fire and permitted it to spread to the lands of Lehman Gilley. On appeal appellant first contends that the evidence is not sufficient to sustain the verdict of guilty. It is not disputed that about four or five o'clock on March 28, 1960, appellant set fire to some grass in a meadow he owned. To the north and east of this meadow there is a creek about 16 feet wide. About 18 feet from the water's edge there was a dead tree, which became ignited from the fire set by appellant. The State contends that the next day the top burned out of the tree and fell across the creek, starting a fire on the east side thereof. Appellant contends that although the tree did catch fire, he extinguished it late on the evening of the 28th and

that it was not burning the next day, the morning of the 29th. In any event, about 500 acres, including the land of Lehman Gilley, east of the creek, burned and there is ample evidence from which the jury could have found that the State's version of what occurred is correct.

Among other testimony produced by the State, Lehman Gilley testified:

"A. I traced the fire back to the opposite side of the field where Mr. Cecil was setting the fire.

Q. How did you do that?

A. It was burned over, and was bordered by a little draw next to the creek, and on the north and on the west and southwest was the Barren Creek, and there was a tree that had been afire the evening before along there where he had burned the field, and the top had burned out and fell in and across the creek."

Appellant was prosecuted under the provisions of Ark. Stat. § 41-507, which make it a misdemeanor to be punishable by a fine of not less than $10 nor more than $100 or a jail sentence of not less than ten days nor more than a year, or by both fine and imprisonment, for (paragraph 2) "Allowing fire to escape from the control of the person building or having charge of the fire, or to spread to the lands of any person other than the builder of the fire." or (paragraph 3) "Burning any brush, stumps, logs, rubbish, fallen timber, grass, stubble or debris of any sort, whether on his own land or that of another without taking necessary precaution both before lighting the fire and at all times thereafter to prevent the escape thereof. The escape of such fire to adjoining timber, brush, or grass lands shall be prima facie evidence that necessary precautions were not taken."

The court, by instruction No. 7, told the jury:

"The section of law upon which this Information is based reads as follows, to-wit: 'The following acts shall be misdemeanors and shall be punishable by a fine of not less than $10.00 nor more than $100.00, or a jail sentence

of not less than ten (10) days nor more than a year, or both such fine and imprisonment.'

" 'Burning any brush, stumps, logs, rubbish, fallen timber, grass, stubble or debris of any sort, whether on his own land or that of another without taking necessary precaution both before lighting the fire and at all times thereafter to prevent the escape thereof. The escape of such fire to adjoining timber, brush or grass lands shall be prima facie evidence that necessary precautions were not taken.' "

And instruction No. 8 given by the court is as follows:

"So if you find from the testimony in this case beyond a reasonable doubt that the defendant, Belton Cecil, did, within one year prior to the filing of the Information herein, in Polk County, Arkansas, burn any brush, stumps, logs, rubbish, fallen timber, grass, stubble or debris of any sort, on his own lands without taking the necessary precaution both before lighting the fire and at all times thereafter to prevent the escape thereof, then you will find the defendant guilty. and fix his punishment by a fine of not less than $10.00 nor more than $100.00, or by a jail sentence of not less than ten days nor more than a year, or by both such fine and imprisonment."

Appellant complains of the giving of these two instructions, contending he was charged in the information with allowing "fire to escape" as set out in the second paragraph of the statute, and that the instruction authorizes the jury to return a verdict of guilty provided in the third paragraph of the statute. True, instruction No. 8 does authorize a verdict of guilty of violation of the third paragraph of the statute. It cannot be said, however, that a charge in the information in substantially the wording of the third paragraph of the statute, of allowing fire to escape "from his control after having built said fire, and permitting it to spread to the lands of Lehman Gilley," is not sufficient to charge appellant

with doing the act that the State's evidence showed him to be guilty of, to the satisfaction of the jury.

Appellant next complains of the court's action in refusing to give instructions requiring the State to prove the venue. The trial court was not in error in refusing to give these instructions. Ark. Stat. § 43-1426 provides: "It shall be presumed upon trial that the offense charged in the indictment was committed within the jurisdiction of the court, and the court may pronounce the proper judgment accordingly, unless the evidence affirmatively shows otherwise." See Meador v. State, 201 Ark. 1083, 148 S. W. 2d 653.

Appellant argues that the trial court erred in permitting the prosecution to impeach the defense witness Buck Smedley, without having laid the proper foundation for such impeachment. Buck Smedley testified in regard to another fire started by appellant having no connection with the fire involved in the case at bar. He testified he saw appellant at about 10:00 a.m., about one and a half miles south of the fire here involved, on the day both fires were burning. Jennie Mae Smedley, a relative of Buck Smedley, was allowed to testify on cross examination by the State's attorney that Buck Smedley told her he had first seen appellant on the day of the fire at about 12:00 noon. We fail to see how this testimony could have in any manner been prejudicial to appellant. It will be recalled that appellant Cecil had set the tree afire, but he testified that he extinguished the fire and that he passed the tree the next morning and it was not burning at that time. Whether it was at 10:00 a.m. or 12:00 noon that Buck Smedley saw Cecil a mile and a half south of the fire is not material, and defendant was not prejudiced by the testimony of Jennie Mae Smedley.

Appellant argues other points, all of which we have examined, but we find no error.

Affirmed.