FARM BUREAU MUTUAL INS. CO. *v.* CUSICK.

5-2620                                    356 S. W. 2d 740

Opinion delivered May 7, 1962

28

*Shaver, Tackett & Jones* and *T. E. Webber,* for appellant.

*William R. Mitchell* and *M. C. Lewis, Jr.,* for appellee.

SAM ROBINSON, Associate Justice. Appellant issued its policy of fire insurance to appellee, insuring a dwelling house located near Hot Springs in the sum of $4,000.00 and insuring the personal property in the house for the sum of $2,000.00. Subsequently the house and contents were totally destroyed by fire. Appellee made her proof of loss, but the insurance company refused to pay the claim. Appellee then filed this action alleging the issuance of the policy, the fire and loss and the proof of loss. The appellant company answered admitting the issuance of the policy and the destruction of the property by fire; however, it denied the loss on the personal property amounted to $2,000.00 and it was alleged in the answer that the fire was not accidental.

After all the evidence was in and each side had closed their case, the trial court directed a verdict for the appellee in the sum of $6,000.00. To this amount was added the statutory penalty of 12 per cent and an attorneys fee of $1,500.00.

Appellant contends that the trial court erred in not permitting counsel to cross examine the appellee regarding her whereabouts on the night of the fire, The following occurred:

Counsel for appellant: ''Q: Where were you the night of the fire?''

The Court: "Mr. Tackett, you keep going into that. She has testified she was in Hot Springs, both on direct examination and cross examination, and you have asked the same thing again. Now do you want to continue along this line? She has testified she was in Hot Springs and with Howell Neice all that time and she got home about 12 o'clock that night. Now, you have gone all over that."

Mr. Tackett: "I still don't know where she was."

The Court, "She testified she was in Hot Springs and that is sufficient."

Mr. Tackett: "Save my exceptions."

Appellee testified that she was in Hot Springs at the time of the fire. Appellant proffered no testimony to the contrary and there is no showing of materiality of the exact place where she was in Hot Springs.

Appellee testified that the value of the personal property destroyed was more than $2,000.00 and her father, Lee R. Frazier, gave testimony to the same effect. One of the items was a piano which had been given appellant by Mr. Frazier. He testified that it was worth $500.00 and placed a total valuation of more than $2,000.00 on the personal property. The testimony of both appellant and Mr. Frazier was admissible. "The testimony of an owner or former owner concerning the value of an object is competent evidence as to its worth." *Pettit* v. *Kilby,* 232 Ark. 993, 342 S. W. 2d 93.

The case of *Phillips* v. *Graves,* 219 Ark. 806, 245 S. W. 2d 394, involved the value of furniture destroyed by fire and there the Court quoted with approval from 32 CJS 315, as follows: "Rules of evidence are not so technical as to require expert witnesses to prove the reasonable or market value of chattels such as household furniture in common use, where it is apparent that the value of the articles is within the knowledge of persons of ordinary intelligence and experience."

In the first report appellee made to the insurance company she stated that she went to the picture show

with Howell Neice, a state policeman, the night of the fire, but later she wrote to the insurance company that she was mistaken about being at the show that night; that she was with the officer as she had first stated, but they did not go to the show; that it was the night before the fire that they went to the show. We fail to see how the representation about having been at the show on the night in question was in any way material.

After all the evidence was in, appellant offered to confess judgment for the sum of $6,000.00, but at that stage of the proceedings counsel for appellee insisted on the statutory penalty and attorneys fee and would not accept the $6,000.00 tendered. Appellant offered no evidence to contradict appellee's evidence of the loss.

The Court directed the jury to return a verdict in favor of plaintiff for $6,000.00 and then added 12 per cent penalty and $1,500.00 attorneys fee. We find no error in the Court's action in directing a verdict. There was no issue to submit to the jury. *Burcher* v. *Casey*, 190 Ark. 1055, 83 S. W. 2d 73. We find no error calling for a reversal; the judgment is therefore affirmed.

The appellee has filed in this Court a motion for an additional attorneys fee in connection with the appeal. The motion is granted. An additional fee of $500.00 is allowed, to be taxed as cost in this Court.

Affirmed.