CECIL *v.* HEADLEY.

5-3097

373 S. W. 2d 136

Opinion delivered December 16, 1963.

*Shaver, Tackett & Jones, Larey & Larey,* for appellant.

*Shaw & Shaw, Ben Core,* for appellee.

FRANK HOLT, Associate Justice. The appellees brought this action against the appellant for the recovery of damages caused by a fire allegedly started by appellant on his property and permitted by him to get out of control and spread to appellees' lands. There are several appellees owning the lands which together aggregate 475 acres. Liability was denied by the appellant and upon a jury trial the appellees were awarded damages totaling $5,-466.00. On appeal appellant relies for reversal upon five points.

The first point appellant urges for reversal is that Ark. Stat. Ann. § 50-104 (1947)[1] is not applicable to the case at bar because it has been superseded by sub-section seven (7.) of Ark. Stat. Ann. § 41-507.[2]

Appellant contends that from the interrogatories propounded to and as answered by the jury his liability was plainly fixed under the provisions of Ark. Stat. Ann. § 50-104, or a non-existent statute. It is appellees' contention, however, that under their pleadings, the facts in the case, and the interrogatories submitted by agreement

[1] "Actions for damages by fire—Notice of setting fire—Effect.— If any person shall set on fire any grass or other combustible material within his inclosures, so as to damage any other person, such person shall make satisfaction in single damages to the party injured, to be recovered by civil action, in any court having jurisdiction of the amount sued for; but if any such person shall, before setting out fire, notify those persons whose farms are joining said place which he proposes to burn that he is going to fire such grass or other combustible matter, and shall use all due caution to prevent such fire from getting out, to the injury of any other person, he shall not be liable to pay damages as provided in this section. [Act Feb. 3, 1875, No. 48, § 5, p. 128; C. & M. Dig., § 10323; Pope's Dig. § 1298.]"

[2] "Forest fires—Allowing fire to escape—Burning brush or debris—Camp fires—Destroying fire warning notices—Duties of state forestry commission — Burning new ground — Penalties.—* * * 7. Anyone desiring to burn any new ground, field, grass lands or woodlands adjoining woodlands or grasslands of another, shall if such lands lie within the boundaries of a forest protection unit, a National Forest or any other area that has organized fire protection, report to the protection agency the time that he intends to burn his lands and the location of the same before he starts his fire. Failure to do this shall constitute a misdemeanor. [Acts 1935, No. 85, § 1, p. 209; Pope's Dig., § 3049.]"

to the jury that the appellant was liable under Ark. Stat. Ann. § 50-104, the common law, and, also, Ark. Stat. Ann. § 41-507 et seq. Accepting as true the contention of appellant that his liability was fixed by the jury under the provisions of Ark. Stat. Ann. § 50-104, we do not agree with him that this 1875 Act was repealed or superseded by the 1935 Act [Ark. Stat. Ann. § 41-507-514]. This later act deals primarily with the preservation of the forests of our state by virtue of its criminal liability provisions, although it provides for double damages by civil action. *Armstrong* v. *Lloyd,* 230 Ark. 226, 321 S. W. 2d 380; *Lamb* v. *Hibbard,* 228 Ark. 270, 306 S. W. 2d 859. This act contains numerous conditions which constitute misdemeanor or felony violations. Although the 1935 Act provides for criminal liabilities and double damages and the 1875 Act provides only for civil remedies, there is no conflict or repugnancy between these two acts. In 1946, or eleven years after the enactment of Ark. Stat. Ann. § 41-507-514, we recognized the 1875 Act [Ark. Stat. Ann. § 50-104] as being a valid and subsisting act. *Swearengen* v. *Johns,* 210 Ark. 119, 194 S. W. 2d 445.

The appellant next contends that the court erred in permitting appellant's conviction under Ark. Stat. Ann. § 41-507 to be considered on the issue of liability to all the plaintiffs. The appellant had been charged and convicted of a misdemeanor under this statute with only appellee Gilley being the prosecuting witness. *Cecil* v. *State,* 234 Ark. 129, 350 S. W. 2d 614. Appellant contends that evidence of this undisputed conviction should be limited to appellee Gilley only and should not be considered on the issue of liability to the remaining appellees. Ark. Stat. Ann. § 41-511 provides:

"Conviction *prima facie* evidence in civil action.— Conviction for violation of [this act] * * * shall be *prima facie* evidence of responsibility in civil action to recover damages * * *."

The court permitted evidence of appellant's conviction to be admitted without restriction and gave the Court's Instruction No. 9 which reads as follows:

"A conviction for violation of allowing fire to escape or to spread to the lands of any person other than the builder of the fire shall be *prima facie* evidence of responsibility to recover damages."

Another portion of this act, Ark. Stat. Ann. § 41-510, provides:

"Damages to be recovered in civil action.—Persons, firms or corporations starting or being responsible for fires that occasion damage to *any other person* shall make satisfaction in double damage to the party injured. Damages are to be recovered by civil action." [Emphasis supplied.]

We think that it was the intention of the Legislature that where the same fire is the basis for a criminal conviction and then the basis for a later suit for civil damages, such conviction is admissible in civil actions not only in behalf of the prosecuting witness in the criminal case, but also in behalf of "any other person" suffering damages from the same fire. In this case the same fire was the basis for the criminal conviction as well as the multiple suits for civil damages.

The appellant further urges for reversal that the Court's Instructions No. 12[3] and 12A[4] erroneously deal

[3] "You are instructed, if any person shall set on fire any grass or other combustible material within his enclosures, so as to damage any other person, such person shall make satisfaction in single damages to the party injured, to be recovered by civil action in any court having jurisdiction of the amount sued for; but if any such person shall, before setting out fire, notify those persons whose farms are joining said place which he proposes to burn that he is going to fire such grass or other combustible matter, and shall use all due caution to prevent such fire from getting out, to the injury of any other person, he shall not be liable to pay damages. So if you find from a preponderance of the evidence that the defendant, Belton Cecil, set on fire any grass or other combustible material within his enclosure without giving notice thereof, before setting the fire, to persons whose farms joined the defendant's where he proposed to burn, that he, Belton Cecil, was going to fire such grass or other combustible material, or that Belton Cecil failed to use all due caution to prevent such fire from getting out, to the injury of these plaintiffs, and that either or both of such failures, if you so find, caused damages to one, some or all of these plaintiffs, then your verdict will be against the defendant Belton Cecil and in favor of such plaintiffs as you so find were damaged, if any."

[4] "The statute requires both the giving of the notice and the use of due caution in preventing the fire from spreading. If the notice is not given as required by law, the use of due caution in preventing the fire from spreading becomes unavailing as a defense to the action."

with the joining and non-joining landowners as being in the same class. The 475 acres involved in this litigation form a block of lands located in four sections. It includes forested lands, cut-over lands, brush lands, and grass lands. Only a part of the damaged property adjoins appellant's land, however, all of the property involved is contiguous. There is ample authority to the effect that it is not necessary that property abut or have a common boundary line to come within the meaning of a statute when the words "joining" or "adjoining" are used. We construed the word "adjoining" in the case of *City of Little Rock* v. *Katzenstein,* 52 Ark. 107, 12 S. W. 198 (1889). There it was contended that a lot was not "adjoining" because it did not abut upon or have a common boundary with a street. The court there said:

"* * * property adjoining the locality to be affected is any property adjoining or near the improvement which is physically affected, or the value of which is commercially affected, directly by the improvement, to a degree in excess of the effect upon the property in the city generally."

See, also, *Matthews* v. *Kimball,* 70 Ark. 451, 66 S. W. 651; *Board of Improvement Dist. No. 5* v. *Offenhauser,* 84 Ark. 257, 105 S. W. 265; *Freeze* v. *Improvement Dist. No. 16 of City of Jonesboro,* 126 Ark. 172, 189 S. W. 660.

In the case at bar we are of the opinion that there was such a unity of the tracts of land, a part of which adjoins appellant's land, that it could be reasonably foreseen such lands would be affected or damaged by this particular fire set by the appellant. Further, Ark. Stat. Ann. § 50-104 clearly provides in the first sentence that:

"If any person shall set on fire any grass or other combustible material within his inclosures, so as to damage *any other person,* such person shall make satisfaction in single damages to the party injured, * * *". [Emphasis supplied.]

It is the latter part of this statute which provides for notice to adjoining landowners and, by this language, we do not construe the statute to limit liability only to ad-

joining landowners. To hold otherwise would be an unreasonable construction of this statute.

Further, it appears that there was no specific objection on this point made to these instructions. It is well settled that where a specific objection is not made in the Trial Court to an instruction not inherently erroneous we cannot first consider it on appeal. *Stockton v. Baker*, 213 Ark. 918, 213 S. W. 2d 896; *Vogler v. O'Neal*, 226 Ark. 1007, 295 S. W. 2d 629; *Holimon v. Rice*, 208 Ark. 279, 185 S. W. 2d 927.

Appellant also contends that:

"It was error for the Court to rule on testimony and to formally instruct the jury that the damages for loss of personal property are to be based on the value of the use of the personal property to the owner."[5]

The appellant specifically complains about the admissibility of appellee Ward's testimony as to the value of certain items of his personal property destroyed by the fire. Ward first placed their value at $1,000.00 to him and on cross-examination he could only justify their value at $145.00. The personal items were a radio, four bedsteads, ice box, table, heater, cook stove, phonograph, pants and shirts. Appellant contends that the market value or replacement cost is the true test. We find no merit in appellant's contention. The measure of damages for marketable chattels possessed for purposes of sale is their value as determined by the market price, but the measure of damages for chattels possessed for the comfort and well-being of their owner is not based on value in a secondhand market but on the value of their use to the owner who suffers from their deprivation. *Featherston v. Hartford Fire Ins. Co.*, (Ark. 1957) 146 F. Supp. 535; *Kimball v. Goldman*, 117 Ark. 446, 174 S. W.

[5] Court's Instruction No. 17: "Should you find for the plaintiffs, the Court instructs you that the values of the articles of personal property that were destroyed were the reasonable values of the use of the property to the plaintiffs, and you will not necessarily accept values as fixed by the owners of the property; and it will be proper for you to consider the reasonableness of the values as testified to by the plaintiffs, the purchase price of each article of property, when it was purchased, the use to which it has been put, and the condition of the property at the time it was destroyed."

1185; *Phillips* v. *Graves,* 219 Ark. 806, 245 S. W. 2d 394; *Farm Bureau Mutual Ins. Co. of Ark.,* v. *Cusick,* 235 Ark. 27, 356 S. W. 2d 740.

There is, also, another answer to this contention. Appellee Ward sought recovery of $3,044.00 for his total damages. On appeal the appellant only questions the value as to the personal items. Since the jury awarded $1,500.00, or $1,544.00 less than sought, it cannot be said that the prejudicial error resulted. There was sufficient evidence of damages to items other than personal property to constitute the basis for the jury's total award and, thus, any error was rendered harmless.

The appellant further urges for reversal that:

"The instructions, when read as a whole, are conflicting, confusing, and repetitious."

We find no merit in this contention. The Court's Instruction No. 1 provides in pertinent part as follows:

"If, in these instructions any rule, direction or idea be stated to you in varying ways, any emphasis thereon is not intended by me, and none must be inferred by you. For that reason you are not to single out any certain instruction against the others, but you are to consider all of the instructions, and regard each in the light of the other."

We have carefully reviewed appellant's contention and we are of the opinion that upon consideration of the instructions as a whole and each in the light of the other the instructions fairly and adequately enunciated the law in the case at bar. *Wright* v. *Rochner,* 233 Ark. 50, 342 S. W. 2d 483.

The appellees urge on cross-appeal that as a matter of law they were entitled to double damages and the Trial Court was in error in not awarding double damages notwithstanding the jury's verdict. We cannot agree. Upon a review of this record we do not find that the appellees specifically sought double damages in their pleadings. *Oil Fields Corp.* v. *Cubage,* 180 Ark. 1018, 24 S. W. 2d 328. This statute [Ark. Stat. Ann. § 41-510]

providing for double damages, being penal in nature, must be strictly construed and no one can invoke its benefits who does not bring himself strictly within its terms. *Missouri Pacific R. Co. et al* v. *Lester,* 219 Ark. 413, 242 S. W. 2d 714; *Lamb* v. *Hibbard,* 228 Ark. 270, 306 S. W. 2d 859.

The judgment is affirmed both on direct and cross-appeal.