WATSON v. JONES.

5-2283                                            343 S. W. 2d 415

Opinion delivered February 27, 1961.

O. E. Gates, for appellant.

Max M. Smith, for appellee.

SAM ROBINSON, Associate Justice. This appeal arises out of a judgment rendered in the trial court pursuant to the Declaratory Judgment Act (Ark. Stats., § 34-2501 et seq.).

The record reflects that appellant, Edgar Ray Watson, was an employee of the appellees, Fred T. Jones and Leroy Boyd, in August, 1958, when in the course of his employment he injured the little finger of his left hand.

A claim was filed against appellees before the Workmen's Compensation Commission. The hearing before a Commission Referee resulted in an award in favor of appellant for disability benefits, doctor and hospital bills, attorney's fee and costs in a total amount of $890.54. No appeal was taken from this award and appellant filed same of record on the judgment docket of Cleveland County. Writs of execution and garnishment were issued and the Bank of Rison filed an answer stating it had funds on deposit in the name of "Roy Boyd" and another as a joint account.

The record further shows that appellees paid to the circuit clerk $890.54 and that the judgment was satisfied of record, the money being held on deposit by the clerk.

Appellant filed a motion for a rule on the clerk asking that the clerk be ordered to pay over the said sum to the proper persons, namely, the appellant, his doctor, attorney, the hospital, and court reporter.

In the meantime, appellees had filed a motion for declaratory judgment in the circuit court, alleging that they had provided compensation under a policy of insurance with Mutual Benefit Health & Accident Association, and that under said policy $369.33 had been paid to appellant on the judgment. They further alleged that there was a dispute as to whether appellees were entitled to a credit on the judgment in this amount and asked the court to declare the rights of the parties.

The trial court found that appellant should not receive the entire proceeds deposited with the clerk in addition to those received from the insurance policy. This in effect gave appellees a credit in the amount of $369.33 toward the satisfaction of the judgment. From this ruling appellant has appealed. Appellant contends that the court erred in allowing appellees credit for the policy proceeds, in that the insurance policy did not protect the employer from liability arising under the Workmen's Compensation law.

There is no transcript of the evidence introduced during the hearing in circuit court. The record does disclose that the trial court found that the amount paid to appellant from the proceeds of the insurance policy should be declared a credit on the judgment. This is not a case of the abbreviation of the record, as mentioned in Ark. Stats., § 27-2127.6. In the case at bar, no record was made in any manner of the evidence produced before the court. We have held in many instances that where there is a failure to bring into the record the testimony presented to the trial court, it must be conclusively presumed that the testimony supported the trial court's findings. *Riggs* v. *Tucker Duck & Rubber Co.,* 196 Ark. 571, 119 S. W. 2d 507; *Haynie* v. *Dicus,* 210 Ark. 1092, 199 S. W. 2d 954. For this reason we are unable to say

that the finding of the trial court was not supported by substantial evidence.

Affirmed.

McFADDIN, J., dissents.