THOMAS v. RANEY.

5-2415                                                349 S. W. 2d 129

Opinion delivered September 18, 1961.

*O. Wendell Hall, Jr.,* for appellant.

*Ben M. McCray,* for appellee.

PAUL WARD, Associate Justice. Appellee, Victor Raney, recovered a jury verdict (and judgment) against appellant Louis Thomas, in the amount of $2,019.10. This amount was double the value (pursuant to Ark. Stats., § 41-510) of farm implements, trees, and a barn which were destroyed by a fire originating on appellant's adjoining farm. Appellant seeks a reversal on the grounds that there is no substantial evidence to support the verdict and because of certain alleged errors in the court's instructions.

Appellant and appellee lived on adjoining farms, appellant being on the west side. On Monday April 4, 1960, appellant and his employees set out a fire on appellant's land. It was appellee's contention that the said fire spread to his land and burned his property, heretofore mentioned, late in the afternoon on the following Wednesday.

*Substantial Evidence.* A careful reading of all the testimony convinces us that there is substantial evidence to sustain the jury in finding that the appellant set out the fire, that this fire spread to appellee's farm and that it destroyed appellee's property. Appellant admits setting out a fire on his land. Appellee and others testified that they traced the path of the fire from the barn to the fire on appellant's land. They testified that there was a wind blowing from west to east. Appellant and other witnesses described a large fire burning on Dick Leach's land located near (and, apparently, south of) appellant's land, which could have reached appellee's land. To offset this, there was testimony that the Leach fire never got closer than a quarter of a mile to appellee's property.

However, before the jury could find for appellee it must also have found (see Ark. Stats., § 41-507) that appellant did not take "necessary precaution" to prevent the escape of the fire to appellee's land. Here again

we find from the record substantial evidence to support such a finding. It would serve no useful purpose to set out the testimony on this point, but it is necessary to state that such testimony would have supported a jury in finding that appellant *did* or *did not* use the "necessary precaution", *if the jury was properly instructed on that point.*

*Instructions.* The trial court gave appellee's requested Instruction No. 3, which reads as follows:

"You are instructed that the escape of fire to adjoining timber, brush, or grasslands shall be prima facie evidence that necessary precautions to prevent its escape were not taken. Therefore, if you find from a preponderance of the evidence in this case that fire did escape from lands owned by or under the control of the defendant Louis Thomas and spread to and upon lands of the plaintiff Victor Raney, this within itself is *prima facie evidence* that the precautions required by law to prevent the spread of the fire were not taken by the defendant Louis Thomas, his agents, servants or employees, and the *burden of proof then shifts to the defendant to prove by a preponderance* of the evidence that the necessary precautions were taken." (Emphasis added.)

To the giving of the above instruction appellant objected as follows:

"Defendant objects generally and specifically to the Court's giving Plaintiff's Instruction No. 3 in that it instructs the jury that the escape of fire constitutes prima facie evidence that necessary precautions were not taken and takes away from the jury their right to determine as to whether or not negligence on the part of the defendant existed, and it instructs the jury to return a verdict in favor of the plaintiff if such facts exist."

After careful consideration we have reached the conclusion that said Instruction No. 3 is incorrect in that it places a greater burden on appellant than the law requires, and therefore calls for a reversal.

The real issue in the case, in so far as appellant's liability is concerned, is whether he was negligent in

allowing the fire escape to appellee's land, providing of course, it is first shown that he set the fire which burned appellee's property. This issue was properly presented in appellee's Instruction No. 2 which was given to the jury. In that instruction, on the point in question, the trial court said: ". . . if you [the jury] find from a preponderance of the evidence . . . that Louis Thomas . . . did burn any brush, grass . . . [etc.] . . . without taking necessary precaution . . . [etc.] . . . then your verdict should be for the plaintiff. . . ." Thus Instruction No. 2 left the burden on *plaintiff* to prove by a preponderance of the evidence all vital issues in the case, including negligence on the part of appellant—i.e. failure to use necessary precaution. In contrast with the above, Instruction No. 3 places the burden on *appellant* "to prove by a preponderance of the evidence that the necessary precautions were taken".

Appellee, however, in defense of said Instruction No. 3 relies on Ark. Stats., § 41-507 which, among other things, says: "The escape of such fire to adjoining timber, brush, or grass lands shall be prima facie evidence that necessary precautions were not taken." Appellee's contention is that this statute shifts the burden to appellant to prove (by a preponderance of the evidence) that he did take the necessary precautions. We cannot agree with this contention. In the first place, the cited statute (as shown by § 41-510) is a penal statute, and in *Lamb* v. *Hibbard,* 228 Ark. 270, 306 S. W. 2d 859, we said that since it was penal it is to be strictly construed. In the cited case we also said, in speaking of Act 85 of 1935 (of which §§ 41-507 and 41-510 are a part) that: "Taking the statute as a whole we find no reason to think the legislature meant to create a new basis for liability . . . without fault. . . ." By this we in effect said that the plaintiff, in this kind of case, must prove negligence (or fault) on the part of the defendant just as he must do in ordinary damage suits based on negligence.

Moreover, the real vice in Instruction No. 3 is that it allows the jury to use the legal presumption (created by § 41-507) in connection with the testimony in deciding whether appellant was negligent and therefore liable for damages. In what we think is an analogous situation this court has very definitely held that a statutory presumption of negligence cannot be used to supplement the evidence where negligence (as here) is a controversial issue under all the testimony—that is, where the testimony on negligence presents a jury qustion, the statutory presumption of negligence passes entirely out of the picture. We refer to the statutory presumption of negligence against a railway company which arises when it is shown that a train has killed or injured a person or damaged property. This rule as applied to railway companies is so definitely established by our decisions that it will suffice to refer briefly to a few of them.

In *Mo. Pac. R. R. Co.* v. *Vaughan, Admr.*, 225 Ark. 848, 286 S. W. 2d 6, the trial court, in instructing the jury, referred to the statutory presumption of negligence against appellant and then added: ''unless the defendant has overcome that presumption by a preponderance of the evidence in this case.'' Because of the error in the above instruction we reversed the cause, citing cases including *Western & Atlantic R.* v. *Henderson*, 279 U. S. 639, 49 Sup. Ct. 445, 73 L. Ed. 884. The *Henderson* case is a landmark decision often referred to in our decisions and consistently followed. In the cited case, at page 641, the U. S. Supreme Court, in condemning an instruction which placed on appellant the burden of proving it was not negligent, stated: ''And, by authorizing the jury, in the absence of evidence, to find negligence in the operation of the engine and train, the court necessarily permitted the presumption to be considered and weighed as evidence against the testimony of defendant's witnesses tending affirmatively to prove such operation was not negligent in any respect.'' The court there also said: ''The only legal effect of this inference is to cast upon the railroad company the duty of producing some

*evidence to the contrary.* When that is done, the inference is at an end, and the question of negligence is one for the jury upon all of the evidence." (Emphasis added.)

The decision in *Mo. Pac. R. R. Co.* v. *Beard, Adm'r.,* 198 Ark. 346, 128 S. W. 2d 697, fully supports the *Henderson* case. There the court approved the following: " 'Therefore, in determining whether the evidence in this case is legally sufficient to support the verdict, we cannot consider the presumption created by statute, but we must determine the question from the evidence introduced.' " The same issue was before this court in *Kansas City So. Ry.* v. *Shane, Adm'x.,* 225 Ark. 80, 279 S. W. 2d 284, with the same results mentioned in the other citations.

Since the judgment must be reversed for the reasons above indicated, we deem it unnecessary to discuss other assignments argued by appellant, in *none* of which do we find reversible error.

Reversed.