WHITESIDE *v.* TYNER.

5-3419                                        386 S. W. 2d 239

Opinion delivered January 25, 1965.

[Rehearing denied February 22, 1965.]

*Herrn Northcutt* and *S. C. Ferguson,* for appellant.

*Thomas B. Tinnon,* for appellee.

JIM JOHNSON, Associate Justice. This is a suit for negligent burning of another's land seeking double damages under the provisions of Ark. Stat. Ann. § 41-510 (Repl. 1964).

Appellant Robert E. Whiteside, a nonresident land owner, filed suit in Fulton Circuit Court against appellee M. L. Tyner, alleging that on March 3, 1961, Tyner, an adjacent land owner, was burning trash, brush and grass on his land and that Tyner negligently allowed the fire to escape to the land of Whiteside; that the fire burned over a number of acres of pine trees causing actual damage to Whiteside's property in the amount of $2,000. Whiteside specifically prayed for application of the statutory penalty of double damages. Appellee answered with a general denial and prayer for dismissal. On April 15, 1964, the cause was tried to a local jury which unanimously returned a verdict in favor of appellee Tyner. From judgment on the verdict comes this appeal.

For reversal appellant relies on the sole point that testimony is insufficient in law to sustain the verdict.

It is not contended that the trial court erred in failing to submit this case to the jury under proper instructions. This being true, the jury verdict must have reflected at least one of two findings: (1) that appellant failed to prove by a preponderance of the evidence that appellee did not take "necessary precaution" to prevent the escape of the fire to appellant's land; (2) that appellant failed to prove by a preponderance of the evidence that appellant's property was damaged.

Subsection 3 of § 41-507, Ark. Stat. Ann. (Repl. 1964) provides that the escape of fire under the circumstances herein presented "shall be prima facie evidence that necessary precautions were not taken." While discussing this statutory presumption in the recent case of *Thomas v. Raney,* 233 Ark. 836, 349 S. W. 2d 129, we pointed out that, "the cited statute (as shown by § 41-510) is a penal

statute, and in *Lamb* v. *Hibbard*, 228 Ark. 270, 306 S. W. 2d 859, we said that since it was penal it is to be strictly construed. In the cited case we also said, in speaking of Act 85 of 1935 (of which §§ 41-507 and 41-510 are a part) that: 'Taking the statute as a whole we find no reason to think the legislature meant to create a new basis for liability . . . without fault . . .' By this we in effect said that the plaintiff in this kind of case, must prove negligence (or fault) on the part of the defendant just as he must do in ordinary damage suits based on negligence.'' .With the rule thus declared we are confronted with the question of whether there was any substantial evidence to support a jury verdict finding appellant failed to prove by a preponderance of the evidence that appellee failed to use ''necessary precaution.'' Viewing all of the evidence in the light most favorable to the jury verdict, we find appellee correctly summarized the evidence in his argument as follows: ''The only evidence of negligence presented by appellant was proof that appellee had pleaded guilty in J.P. court to violation of Ark. Stat. Ann. § 41-507. On the other hand appellee testified that his property and that of appellant's was separated by a road which testimony was never disputed; there had been a heavy rain the evening before; he had help to control the burning of grass on his own property; there was no wind at the time he started burning on his own property; and he had previously reported to the State Forestry Office at Salem, Arkansas, the fact that he did intend to burn.''

This being the state of the record, we cannot say that there was no substantial evidence to support the jury verdict as to ''necessary precaution.'' From such finding it follows that the question of proof of damages becomes moot.

Affirmed.