WALTER J. SARDIN *v.* E. W. ROBERTS

5-4490                                    424 S. W. 2d 889

Opinion delivered March 11, 1968

*W. M. Herndon,* for appellant.

*Smith, Williams, Friday & Bowen,* for appellee.

PAUL WARD, Justice. Walter J. Sardin (appellant) sued E. W. Roberts (appellee) to recover for personal

injuries, allegedly caused by the negligence of appellee in an automobile collision. The trial resulted in a jury verdict in favor of appellee.

Appellant was driving a Cadillac automobile across Broadway bridge toward North Little Rock and appellee was following in a Volkswagen. When appellant reached the end of the bridge he turned to his right and appellee followed in the same lane a short distance behind, both cars traveling approximately fifteen miles per hour. Shortly after the turn was made the left front fender of appellee's car collided with the right back bumper of appellant's car.

On appeal appellant seeks a reversal on the sole ground that there was no substantial evidence to support the jury verdict.

Appellant and appellee were the only eye witnesses who testified as to what caused the collision. In substance, appellant stated: It had snowed the night before and I didn't know whether the streets were still slick or not so when I came off the bridge I slowed down to go around the curve when appellee's car struck my car from the rear; by the time I set my brakes "my car stopped some thirty feet or so from where I was struck"; I was moving very slowly at the time my car was struck; my car didn't appear to be damaged at all.

A city policeman, who arrived at the scene shortly after the collision, testified: I found the two cars entangled; it did not appear that appellant's vehicle had moved any substantial distance after the impact; it appeared to have stopped on impact. He further stated that appellee appeared to be drunk at the time but later learned this was not true, and that he had been taking medicine for an ailment.

Appellee, in substance, testified: The turn at the end of the bridge had been completed but before we got

leveled out appellant stopped his car and I couldn't stop, so I swerved to the right to avoid hitting him but my left front fender caught his right back bumper; appellant gave no signal that he was going to stop; his car was not knocked forward, but stayed right where they hit and they stayed there until the policeman arrived; both cars were traveling between twelve and fifteen miles per hour.

The above conflicting testimony presented a question of fact for the jury to resolve. On appeal we view the evidence "in the light most favorable to the jury verdict", as stated in *Whiteside* v. *Tyner*, 238 Ark. 985 (p. 987), 386 S. W. 2d 239. Therefore, in view of the above, we are unwilling to say there was no substantial evidence to support the jury verdict in this case.