CIRCLE REALTY COMPANY *v.*
Harold GOTTLIEB

79-260                                                              589 S.W. 2d 574

Opinion delivered November 19, 1979
(In Banc)

*James Howard Smith,* for appellant.

*Julian Glover* and *Friday, Eldredge & Clark,* by: *George Pike, Jr.,* for appellee.

JOHN I. PURTLE, Justice. This case arises from the verdict of a jury on a suit between two Arkansas real estate brokers over the division of a sales commission. A verdict granting one broker half of the commission from the sale by the other broker is brought here on appeal as a matter of right.

Appellant contends the trial court erred in denying a directed verdict; failing to grant judgment n.o.v.; failure to give proffered instructions; and that the contract sued upon was illegal and unenforceable. We agree with the trial court in rejecting the request for a directed verdict and refusing to grant a judgment n.o.v.; also, that the requested jury instructions were not proper and the contract sued upon was valid and enforceable.

Appellee, Harold Gottlieb, a licensed real estate broker in Hot Springs, Arkansas, received information from a New York broker in July 1976 which related to certain property in Hot Springs which the New York broker claimed to have listed for sale. The New York broker was not authorized to sell real estate in Arkansas. The information sent to appellee generally described the property for sale but contained a considerable amount of incorrect information. Appellee made several unsuccessful attempts to sell the property in 1976. Sometime in March of 1977 appellee contacted Rainey Realty, Inc. of Little Rock about working on the sale of the property; however, Rainey suggested Circle Realty Company, a licensed real estate company in Little Rock, might be more likely to find a buyer than Rainey. A representative of Circle Realty Company, Mike Hedrick, discussed the possible sale of the property with appellee on the same date. Appellee left information with Rainey who subsequently passed it on to Circle. Appellee testified he reached an agreement with Circle that if a sale was made by either Circle

or Rainey the commission would be divided 50-50 between the two Little Rock brokers on one hand and the appellee and the New York broker on the other. This was denied by appellant during the trial. Rainey testified he always intended to give appellee some kind of a referral fee. Appellant, Circle Realty, subsequently determined the New York broker did not have an exclusive listing nor an Arkansas license. Appellant and appellee jointly showed the property to a prospect who eventually purchased the property. However, appellant had to dig up most of the information about the property in order to make the sale. The property was sold in May of 1977 but no part of the commission was given to appellee and the appellant refused to pay him anything. The contention was that appellee's claim for participation in the commission came through the New York broker who was not authorized to do business in Arkansas and, therefore, the contract was void.

Appellee filed suit in the Pulaski Circuit Court against Rainey and Circle claiming half of the $30,000 commission which had been paid to Circle. His suit was based upon the alleged oral agreement between the Arkansas brokers. Rainey settled with appellee prior to submission of the case to the jury and was dismissed from the suit. Appellant resisted the claim and the jury awarded appellee $15,000. The commission had been paid by the purchaser pursuant to agreement prior to the sale.

Appellant insisted all the way through the transaction and trial, and continues to do so in this Court, that an essential element of the contract was that appellee must prove the New York broker held a valid property listing from the owner. This was the basis for the motion for a directed verdict and for the judgment n.o.v. This was also the main element in the refused jury instructions. Appellant freely admits it was appellee's efforts which set in motion the chain of events which ultimately culminated in the sale of the property in question.

We think appellant misunderstands the law on the subject. It correctly states the law as it relates to a commission on the sale of real estate when the owner and a broker are

involved. However, here we are dealing with a contract between two brokers, neither of which held an exclusive listing on the property which was sold. Further, the owner is not being charged a commission but rather the purchaser has paid it. All of the cases cited by appellant involve a dispute between the owner and a broker.

A contract or agreement between two brokers is binding and enforceable in the same manner as contracts between other contracting parties. It makes no difference in this case whether anyone had a listing to sell the property because it was in fact sold on agreeable terms. Although we find no Arkansas case in point, other jurisdictions have held one broker may recover from another broker even though a suit could not properly be brought against the owner to recover a commission. *Hohenberger* v. *Schnitzer,* 235 S.W. 2d 466 (Tex. Civ. App. 1951). See also 12 C.J.S. Brokers § 81 which states:

> In order that one broker may recover a share of the commission of another broker it is necessary and sufficient that there be a valid, existing, and applicable agreement between them for a division of the commission, that plaintiff shall have performed his part of the agreement, and that defendants shall have actually received the commission. Where there is such an agreement, it is binding and enforceable and the rights of the parties are governed by its terms and the proper construction thereof, rather than by the contract of sale or exchange or by the ordinary rules which govern the rights of real estate brokers to commissions for sales of land. * * *

Appellee's requested Instruction No. 6 was given without objection and is a correct instruction. It simply stated that appellee could not recover unless the jury determined (1) that Circle Realty Co., Inc. agreed to share the commission on a 50% basis with Harold Gottlieb, and (2) that Gottlieb performed his portion of the agreement. Therefore, the jury was properly permitted to determine the factual issue of whether the parties had an agreement to split the commission. In testing the sufficiency of the evidence as

being substantial on appellate review we need consider only the testimony of the appellee and any other evidence favorable to him. *Love* v. *H.F. Construction Co., Inc.,* 261 Ark. 831, 552 S.W. 2d 15 (1977). If there is substantial evidence to support the decision, it will be affirmed. *Bradley* v. *Hendricks,* 251 Ark. 733, 474 S.W. 2d 677 (1972). The jury is the sole judge of the credibility of the witnesses and if there is substantial evidence to support the verdict we affirm. *Bradberry* v. *Gower,* 247 Ark. 700, 447 S.W. 2d 124 (1969). We review the evidence on appeal in a light most favorable to the jury verdict. *Sardin* v. *Roberts,* 244 Ark. 312, 424 S.W. 2d 889 (1968).

In view of the law and the facts as presented in this case, we find no reversible error.

Affirmed.

HARRIS, C.J., not participating.