Raymond KEATHLEY, Jr. *v.* DIVERSIFIED FASTENER
& TOOL COMPANY et al

CA 81-33                          616 S.W. 2d 755

Court of Appeals of Arkansas
Opinion delivered June 3, 1981

*Guy Jones, Jr.*, for appellant.

*Clark & McNeil*, for appellees.

GEORGE K. CRACRAFT, Judge. The appellant, Raymond Keathley, Jr., filed his complaint alleging that he had on October 14, 1978, leased an apartment to the appellee, Diversified Fastener & Tool Company, for the use of one of its employees, Anita Kramer, in which the appellee agreed to pay the rent. Appellant further alleged that in January 1979 the appellee terminated the lease but that Anita Kramer refused to give up possession. During the holdover tenancy appellant claimed that the premises had sustained damage for which he sought recovery. He prayed for judgment for those damages and a reasonable rental for the period during which possession was wrongfully withheld. The appellee answered asserting that it had only entered into a month to month rental agreement with appellant, and that after the

termination of that agreement any holding over was solely attributable to Anita Kramer.

After hearing evidence, the court sitting without a jury found that the property had sustained damage, but that the appellee was not obligated for payment of those damages and that appellee was not liable for double damages for failure to return possession. It found that Anita Kramer had not been served with process and therefore no judgment had been rendered against her. On those facts the court entered judgment against the appellee for the accrued rentals in the sum of $600, but denied claims for double rent and damages. The appellant appeals from that judgment.

The appellant argues in support of his position that he was entitled to double damages under Ark. Stat. Ann. § 50-507 (Repl. 1971) which does provide for assessment of double rent if any tenant gives notice in writing of his intentions to quit the premises but fails to deliver possession of the property at the time specified in the notice. The answer to appellant's contention is twofold. First, it appears from the record that there was no prayer for award of double damages in his complaint or any other subsequent pleading. Special damages must always be specifically plead. *Arkansas Power & Light Company* v. *Harper*, 249 Ark. 606, 460 S.W. 2d 75. The second and more compelling answer is the fact that the transcript of the testimony on which the trial court made its findings that appellee was not liable for double rent or damage to the property was not brought forward in this record. Evidence of failure to give the written notice and that the property damage was not attributable to appellee would justify the order made. Without a transcript of the testimony there is no way that this court can determine what facts the trial court considered in making its findings and conclusions. Our law has long been established that where the proceedings had before the trial court are not preserved and brought forward in the record, the appellate court must presume that the absent material was sufficient to support the trial court's findings and decree. *Watson* v. *Jones*, 233 Ark. 203, 343 S.W. 2d 415.

We affirm.