Mike McGEE *v.* Nellie L. WILSON et al

82-22                                                631 S.W. 2d 292

Supreme Court of Arkansas
Opinion delivered April 12, 1982

*Curtis E. Rickard* and *Joe Hardin,* for appellant.

*Hobbs, Longinotti & Bosson,* for appellees.

JOHN I. PURTLE, Justice. The Garland County Circuit Court refused to set aside a default judgment granted against Mike McGee, the appellant herein. The appellant had contended unavoidable casualty and excusable neglect in an attempt to set aside the default judgment.

On appeal he contends that the trial court erred in refusing to set aside the default judgment and that the court erred in awarding treble damages in this particular case. We disagree with both arguments and affirm the action taken by the trial court.

The facts reveal that Charles McGee contracted with

Georgia Pacific to harvest certain tracts of timber land. The contract in this particular case was subcontracted to his son, Mike McGee. Mike McGee and his crew were harvesting the timber when they crossed over onto the property of the appellees and cut a considerable amount of timber. It is not clear from the record whether McGee hauled any of the timber to Georgia Pacific or whether it was left in the woods and carried away by woodcutters. In any event, Mike McGee ceased cutting on appellees' land as soon as he was informed he had crossed onto appellees' land.

On September 30, 1980, the appellees filed a complaint against Charles McGee, Mike McGee and Georgia Pacific Corporation alleging willful trespass upon appellees' land and seeking treble damages pursuant to Ark. Stat. Ann. § 50-105 (Repl. 1971). Georgia Pacific filed a timely answer and subsequently filed a motion for a summary judgment which was granted by the court. Mike McGee received process of service on October 4, 1980, at the same time the deputy sheriff left the summons for Charles McGee with Mike McGee. Charles McGee lived in a different county. Neither Charles McGee nor Mike McGee answered the complaint of summons. On December 1, 1980, the trial court rendered a default judgment against Charles and Mike McGee. On June 9, 1981, appellees' attorney notified Charles McGee and Mike McGee that a hearing would be held in Garland County on July 6, 1981, to determine the amount of damages to be recovered by the appellees. Neither defendant appeared for the hearing and testimony was presented to the effect that the value of the timber cut was between $4,000 and $6,000. The testimony also indicated that other timber was damaged and the soil was compacted.

On August 17, 1981, Charles McGee and Mike McGee filed motions to set aside the default judgments rendered against them. They alleged unavoidable casualty and excusable neglect. The hearing was held on this motion, and the court upon learning that Charles McGee was not properly served vacated the default judgment against Charles McGee. Mike McGee's defense was that both he and his father had insurance to cover them against liability, and Charles McGee told Mike McGee he would turn the matter

over to his insurance company for a defense. Subsequently Charles McGee's company declined to provide a defense because the complaint alleged willful and wanton action on the part of the policyholder. The court found against Mike McGee on his motion to vacate the default judgment and this appeal follows. The judgment against Charles McGee was vacated for lack of proper service.

The complaint alleged willful and wanton conduct on the part of Mike McGee in trespassing upon appellees' land. Fifty-seven days after service of summons the court entered default against Mike McGee. The appellees waited approximately six months after entering the default judgment before arranging a hearing on damages. Appellant was notified by letter 30 days prior to the hearing on the amount of damages to be awarded. He did not attend the hearing and did not contest the allegations of the complaint until he filed his motion to set aside the judgment. ARCP Rule 60 (c) sets out the grounds for setting aside a judgment after 90 days. It states as follows:

> The court in which a judgment has been rendered or order made shall have the power, after the expiration of ninety (90) days after the filing of said judgment with the clerk of the court, to vacate or modify such judgment or order:
>
> . . .
>
> (7) For unavoidable casualty or misfortune preventing the party from appearing or defending.
>
> . . .

There simply is nothing to show that there was unavoidable casualty or anything which prevented the appellant from appearing or defending in this action. The most that can be said is that he had a misunderstanding about being defended by an insurance company.

The evidence presented at the trial was that the timber damaged ranged in value between $4,000 and $6,000 and that

there was additional damage to other timber and the land. Certainly, the amount of $16,000 awarded in this case is less than three times the highest estimate of the damages presented to the court. Under these circumstances we are unable to say the court abused its discretion.

Affirmed.