Dr. Jerry PARK, Jerry ODOM, d/b/a CONWAY
TRACTOR & EQUIPMENT, INC. *v.* William
L. BURGE et ux

CA 81-439                                    635 S.W.2d 279

Court of Appeals of Arkansas
Opinion delivered June 30, 1982

*Brazil, Roberts & Clawson,* by: *Charles E. Clawson, Jr.,*
for appellants.

*Don Bruno,* for appellees.

MELVIN MAYFIELD, Chief Judge. This is an appeal from a jury verdict in favor of appellees. Appellants allege the trial court erred in failing to direct a verdict in their favor based upon the Statute of Frauds and that the jury's verdict is not supported by substantial evidence. We find no error and we affirm.

Appellees were the owners of the Conway Small Engine Company. In February of 1978, appellants purchased the business and changed its name. One of the larger suppliers of the business was the John Deere Company with whom appellants were desirous of but unable to secure credit. The appellees contend that appellees, appellants, and John Deere orally agreed that John Deere would continue to furnish equipment to appellants and that these purchases would be billed to appellees' existing account; appellants would then reimburse appellees for the amount expended. This agreement, according to appellees, was to continue in force until such time as appellants were able to secure credit in the name of the new business. Appellees' suit was to recover for amounts paid under the alleged agreement.

At trial, appellee Larry Burge and a representative of John Deere testified as to the existence of the alleged agreement. Burge explained the agreement as follows:

> They [Mr. Park and Mr. Odom] could have this equipment to go on and do the business and that when the bills came in, John Deere was looking directly to me for payment, because it was on my account, and the credit was established in my name in the entire deal, and that I would pay the bills, and when we got all — all this stuff that you have here, when this all came in and all the bills were paid, that these gentlemen, Mr. Park and Mr. Odom, would write me a check for whatever amount that they had actually got the benefit of.

At the close of appellees' evidence, appellants made a motion for a directed verdict based on the Statute of Frauds, Ark. Stat. Ann. § 38-101 (Repl. 1962), which states in relevant part:

> No action shall be brought . . . to charge any person, upon any special promise, to answer for the debt, default or miscarriage, of another . . . unless the agreement, promise, or contract, upon which such action shall be brought, or some memorandum or note thereof, shall be made in writing, and signed by the party to be charged therewith . . . .

The judge denied the motion for directed verdict as well as all subsequent motions based upon the Statute of Frauds. The jury found for appellees for $6,923.17, the full amount sought.

We are of the opinion that the trial judge was correct in his ruling that the Statute of Frauds does not apply in this case. The language of the statute is that no action shall be brought to charge a person to answer for the debt of another unless the agreement is in writing. Here the appellees are suing the appellants for appellants' own debt, not for the debt of another.

In *Burgie* v. *Bailey*, 91 Ark. 383, 121 S.W. 266 (1909), the plaintiff brought suit in Justice of Peace Court against Jackson to collect for merchandise sold him. Jackson admitted the indebtedness and filed a cross complaint against Bailey alleging he had purchased Bailey's business but turned it back to him upon Bailey's agreement to return a portion of the purchase money and assume the indebtedness of the business.

The plaintiff was given judgment on his complaint and Jackson was given judgment on his cross complaint. Bailey appealed to circuit court and Jackson assigned his judgment to Burgie.

At trial in circuit court, the judge refused to allow the introduction of oral testimony to show Bailey's promise to assume the debts of the business and on appeal the Arkansas Supreme Court said:

> It was not a collateral undertaking on the part of Bailey to answer for the default of Jackson, but it was

an original undertaking on his part for a valuable consideration to pay the debts Jackson incurred while running the business, and was not required to be in writing. The question of the truth or falsity of the testimony should have been submitted to the jury. *Gale v. Harp,* 64 Ark. 462.

Again, in *Nakdimen v. First National Bank,* 177 Ark. 303, 6 S.W.2d 505 (1928), the Arkansas Valley Bank at Fort Smith had asked the First National Bank, the Merchants' National Bank, and the City National Bank of Fort Smith to take over its assets and pay its debts and its depositors. First National and Merchants' National agreed. City National declined to enter into such an agreement. City National's president, however, agreed that he would personally pay First National and Merchants' National $5,000 if they would accept Arkansas Valley's proposition. Those banks did accept the proposition and, when City National's president refused to pay the $5,000, First National and Merchants' National brought suit. On appeal, in discussing the trial court's rulings, the Arkansas Supreme Court said:

> The court ruled correctly in refusing appellant's prayers for instructions on his plea of the Statute of Frauds, because the testimony did not justify the submission of such issue. The undisputed facts proved an original undertaking by appellant to pay appellees $5,000. It was not a collateral agreement on his part to pay the debts of another. 177 Ark. at 327.

On the appellants' contention that the jury's verdict is not supported by substantial evidence, we first point out that a representative of John Deere testified that the items charged to Mr. Burge's account during the time here involved were paid although he admitted he could not truthfully say from where the money came. But Mr. Burge testified that he paid the amounts to John Deere as they came due. He said, "I did pay every penny." (Tr. 85)

In the second place, the appellants concede in their brief that Mr. Burge testified that he paid John Deere by check but they submit that no such check was introduced into evi-

dence. That, we think, was a matter going to the weight of the evidence and was for the jury to pass upon.

In *Circle Realty Co.* v. *Gottlieb,* 267 Ark. 160, 589 S.W.2d 574 (1979), the court said:

> In testing the sufficiency of the evidence as being substantial on appellate review, we need consider only the testimony of the appellee and any other evidence favorable to him. . . . The jury is the sole judge of the credibility of the witnesses and if there is substantial evidence to support the verdict, we affirm.

Affirmed.

COOPER, J., not participating.