Ronnie HACKLETON *v.* Johnny LARKAN

96-638                                                               933 S.W.2d 380

Supreme Court of Arkansas
Opinion delivered November 18, 1996

*Laser, Wilson, Bufford & Watts, P.A.*, by: *Brian Allen Brown* and *Keith McPherson*, for appellant.

*Dover & Dixon, P.A.*, by: *Gary B. Rogers*, for appellee.

ROBERT L. BROWN, Justice. Appellant Ronnie Hackleton appeals and asserts trial court error in its assessment of double damages against him for fire damage to appellee Johnny Larkan's trees. We agree that error was committed, and we modify the judgment amount to correspond with the jury verdict of single damages.

On April 13, 1994, Johnny Larkan filed a complaint seeking damages for his trees that were destroyed as a result of the alleged negligence of Ronnie Hackleton in starting, supervising, controlling, and extinguishing a fire on Hackleton's property that spread to Larkan's land. Larkan, asserting that Hackleton was strictly liable for trespassing on his land, sought treble damages under Ark. Code Ann. § 18-60-102(a) (1987), for the destruction of 36 acres of saw timber. Hackleton admitted that he started the fire on his own land in his responses to requests for admission, and the action proceeded to trial by jury solely on the issue of damages.

Both parties prepared for trial with the belief that either Ark. Code Ann. § 18-60-102 (1987) or Ark. Code Ann. § 18-60-103 (1987) would govern the issue of damages. Treble damages for trespass on land and the destruction of timber was sought by Larkan under § 18-60-102(a). Hackleton proposed that only single damages were available under § 18-60-103 for fire set on a person's property which spreads to and damages the property of a second person. As the parties were arguing over these two damage theories immediately prior to trial, the trial court raised on its own the issue of whether double damages should apply under a third statute — Ark. Code Ann. § 20-22-304 (Repl. 1991). The following colloquy occurred:

THE COURT: Now, neither one of you have talked about 20-22-304. Are you not interested in that, which calls for double damages?

LARKAN'S COUNSEL: I think if I'm out on treble, then yes, I would be interested in that, but I'm going strictly on the theory that it is, but —

THE COURT: Under 20-22-304?

LARKAN'S COUNSEL: Yes.

THE COURT: You talked about the 102 and 103. I'm not sure how 20-22-304 relates to 103.

HACKLETON'S COUNSEL: If I remember that statute correctly, that's one that you can recover double damages if someone harvests timber off your property.

THE COURT: No, sir, if you don't put out a fire. If you create a fire, it's a fire penalty.

LARKAN'S COUNSEL: Strict liability.

HACKLETON'S COUNSEL: This is not something the defendant has considered at length, Judge, but I think the statute you cited us to regarding double damages would probably be overridden by 103, because the facts of the situation were specifically contained within 103, and as the plaintiff has pointed out earlier, you must read 102 and 103 together, sure, obviously.

THE COURT: The way I see it is that for 20-22-304 to apply, that there would be double damages for letting a fire get loose, and according to the cases in the annotations it does not have to be pled.[1]

LARKAN'S COUNSEL: That's correct. Again, I think that's a matter of law.

THE COURT: So you are going to get at least double damages.

---

[1] The trial court apparently misread the annotation to § 20-22-304 regarding *Cecil* v. *Headley*, 237 Ark. 400, 373 S.W.2d 136 (1963), as discussed further in this opinion.

HACKLETON'S COUNSEL: I think it's the defendant's position 103 is totally applicable in this case, and obviously as the plaintiff pointed out, you have to read them together, 102 and 103. 102 specifically addresses trespass, because the legislature wanted trespass in there. If they wanted you to interpret trespass to be included in 103, would they not have written that in there? I think 103, it's the defendant's contention is 103 is unambiguous, clear on its face, and specifically addresses this particular instance, and that is our position.

LARKAN'S COUNSEL: It's my understanding the double damages, again, that's not something we would submit to the jury.

THE COURT: That will be up to me afterwards, and I will submit to them interrogatories and then make a decision on what kind of damages. . . .

After the jury heard evidence on the amount of damage suffered by Larkan, it returned from deliberations with a unanimous award of $3,000. The trial court then sent the jury back to decide whether Hackleton acted willfully or wantonly with respect to the fire's spreading. The jury answered an interrogatory unanimously that Hackleton had not acted willfully or wantonly. Immediately following the jury's second return, the following exchange occurred:

LARKAN'S COUNSEL: Under Arkansas law, we are automatically entitled to double damages based on the Statute, and we would ask the Court at this time to recognize that and include that.

THE COURT: Mr. McPherson (Hackleton's counsel), you have any response?

HACKLETON'S COUNSEL: Yes, I do, Your Honor. The Complaint filed by the plaintiff was, cites the Court to Section 102, which was discussed earlier, regarding their seeking triple damages.

No trespass was found, no willful and wanton conduct found, in which case the single damage award that's been submitted by the jury should be upheld.

THE COURT: My reading of the case law following annotations of the statutes, does not require, does not have to be pled, and the Court can grant it without pleadings, and therefore the Court does grant double damages.

LARKAN'S COUNSEL: And the judgment shall so reflect?

THE COURT: Yes, sir.

HACKLETON'S COUNSEL: Note my objection.

Double damages were included in the judgment against Hackleton in the amount of $6,000.

In contesting the trial court's double-damages award on appeal, Hackleton argues (1) the double-damages statute, § 20-22-304, was not pled; and (2) it is inapplicable to this set of facts. We decide the matter in Hackleton's favor on the first point. With respect to failure to plead, Larkan contends that argument was not preserved. As demonstrated above, however, Hackleton's counsel argued before trial that § 20-22-304 was inapposite and that § 18-60-103 was the remedy for damages caused by fire spreading to another's property. At the conclusion of the trial, Hackleton's counsel noted his objection to the judgment amount. We deem the actions of Hackleton's counsel to be sufficient to preserve the matter for our review.

The issue then is whether the double-damages statute had to be pled. The case of *Cecil v. Headley*, 237 Ark. 400, 373 S.W.2d 136 (1963), is directly on point. In that case, the appellees attempted to argue on appeal that the trial court erred in not applying the double-damages statute, as a matter of law, to the jury's award. This court refused to hear the argument:

> Upon a review of this record we do not find that the appellees *specifically sought double damages in their pleadings. Oil Fields Corp. v. Cubage*, 180 Ark. 1018, 24 S.W.2d 328. This statute [the predecessor to § 20-22-304] providing for double damages, being penal in nature, must be strictly construed and no one can invoke its benefits who does not bring himself strictly within its terms. *Missouri Pacific R. Co. et al v. Lester*, 219 Ark. 413, 242 S.W.2d 714; *Lamb v. Hibbard*, 228 Ark. 270, 306 S.W.2d 859.

*Cecil,* 234 Ark. at 406–07, 373 S.W.2d at 141 (emphasis added). *See also Keathley* v. *Diversified Fastener & Tool,* 2 Ark. App. 59, 616 S.W.2d 755 (1981).

This lapse in pleading is not a situation where Rule 15(b) of the Rules of Civil Procedure applies, as Larkan contends. The applicability of § 20-22-304 was not tried to the jury with the express or implied consent of the parties, and the trial court made it clear that the remedy would be applied as a matter of law. Moreover, this is not a case where *evidence* was objected to at trial, which might necessitate the objecting party's moving for a continuance under Rule 15(b). On the contrary, double damages was a new remedy foisted upon Hackleton on the day of the trial.

The *Cecil* v. *Headley* requirement that the double–damages remedy be pled makes perfectly good sense. Larkan specifically pled treble damages under § 18-60-102 in his complaint. Hackleton, understandably, prepared to defend against treble damages for destruction of Larkan's trees by trespass. He was not notified of the potential for double damages under § 20-22-304 until the trial court broached the matter immediately before trial. He, thus, had insufficient notice to allow him to mount a defense against an entirely different remedy under an entirely different statutory scheme. In short, Hackleton was blindsided by the new remedy.

The change in remedies is particularly noteworthy because § 20-22-304 is so totally different from the remedy pled by Larkan under § 18-60-102(a). The treble–damages remedy under § 18-60-102(a) requires a showing of intentional wrongdoing, even though this intent may be inferred from the carelessness, recklessness, or negligence of the offending party. *Revels* v. *Knighton,* 305 Ark. 109, 805 S.W.2d 649 (1991). Its purpose, as the General Assembly noted in 1937, was to provide an adequate penalty against the intentional cutting and theft of timber. *See* 1937 Ark. Acts 29. Hackleton, accordingly, was prepared to defend against damages which require a showing of *intent* to destroy Larkan's property.

Section 20-22-304, on the other hand, concerns causing fire and damage to another's property and, under these facts, would have required something less than intentional misconduct for the penalty to be assessed. Because double damages are penal in nature, it could be argued that more than mere negligence is required and at least recklessness must be proved on the part of the offender. Ark.

Code Ann. § 5-2-203(b) (Repl. 1993). *See also Yocum* v. *State*, 325 Ark. 180, 925 S.W.2d 385 (1996). *Cf. Lamb* v. *Hibbard*, 228 Ark. 270, 306 S.W.2d 859 (1957). *But see Whiteside* v. *Tyner*, 238 Ark. 985, 386 S.W.2d 239 (1965) (negligence alone suffices for an award of double damages); *Thomas* v. *Raney*, 233 Ark. 836, 349 S.W.2d 129 (1961). But whether negligence or recklessness, less than intentional conduct may support double damages under § 20-22-304.

■ To summarize, an effective defense waged in opposition to § 20-22-304 could be markedly different from one mounted against the treble-damages provision of § 18-60-102(a). It would have been vastly easier from Hackleton's perspective to prove that he was devoid of intentional misconduct under § 18-60-102(a) than to refute an assertion of negligence, or even recklessness, under § 20-22-304. Thus, we conclude that it was imperative that the double-damages remedy under § 20-22-304 be pled in order to give Hackleton adequate notice of the remedy he would be confronting. The trial court's decision to apply the new remedy on the day of the trial was an abuse of discretion. *See McGee* v. *Wilson*, 275 Ark. 466, 631 S.W.2d 292 (1982). We affirm the judgment against Hackleton but modify it to the amount of the jury verdict, $3,000.

Affirmed as modified.

GLAZE, J., not participating.